[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The present action seeks to foreclose a mortgage executed by Peter and Judy Wu ("the defendants") who have filed an answer setting forth three special defense and a four count counterclaim. The plaintiff has moved to strike all special defenses and all counts of the counterclaim on the grounds that the allegations (1) do not comply with Practice Book Section 164; (2) do not arise out of the transaction which is the subject of the complaint; and (3) improperly introduce settlement negotiations.
At the outset, the defendants assert that there has been a delay between the filing of the answer and the filing of the motion to strike. However, no motion for nonsuit has been filed or heard CT Page 9711 and therefore, the motion to strike is not untimely. General Statutes Section 52-1211; Hartford Federal Savings and Loan Ass'n. v. Tucker, 191 Conn. 607, 609 (1980).
The function of a motion to strike is to challenge the legal sufficiency of the allegations. Ferryman v. Groton, 212 Conn. 138,142 (1982). In its ruling, the court is limited to the grounds specified in the Motion to Strike. Meredith v. Police Commissioner, 182 Conn. 138, 140 (1980). The court must construe the facts in the pleading in a manner most favorable to the non-moving party and, if the facts provable under the pleadings would support a defense or a cause of action, the motion to strike must fail. Rowe v. Godow, 209 Conn. 273, 278 (1988); Mingachos v. CBS, Inc., 196 Conn. 91, 109 (1985).
"An action of foreclosure is peculiarly equitable and the court may entertain all questions which are necessary to be determined in order that complete justice may be done between the parties. Glotzer v. Keyes, 125 Conn. 227, 231 (1939); the court, therefore, may grant "relief to a mortgagor who can prove that equitable circumstances require withholding of foreclosure or a reduction of the stated indebtedness." Olean v. Treglia, 190 Conn. 756,771 (1983).
With the foregoing principles in mind, the court now turns to the specific claims of the parties. Practice Book Section 164 provides in part, as follows:
 "No facts may be proved under either a general or special denial except such as show that the plaintiff's statement of facts are untrue. Facts which are consistent with such statements but show, notwithstanding, that he has no cause of action, must be specially alleged."
The First Special Defense alleges that the plaintiff induced the defendants to enter the note and mortgage agreements based upon its representation that interest would be adjusted according to a named index which was reasonably available to the public. The defendant further alleges that the plaintiff failed to disclose the nature of the index and in fact, used an index that was not reasonably available for review. The court is not presented with issues more appropriate to a summary judgment determination. Under such a pleading, facts might be admissible justifying a "withholding of foreclosure or a reduction in the stated indebtedness." Accordingly, the motion to strike the First Special Defense is denied.
The Second Special Defense re-alleges the allegations of the First Special Defense and asserts that plaintiff improperly, negligently and erroneously calculated the payments due under the CT Page 9712 mortgage. The Third Special Defense alleges that the plaintiff waived its rights under the note and mortgage and entered an "agreement" with the defendants changing the provisions thereof. The Second and Third Special Defenses would likewise permit the introduction of evidence which might demonstrate similar equitable circumstance and the Motion to Strike the Second and Third Special Defenses are likewise denied on that basis.
The defendants have also asserted a four count counterclaim which alleges facts similar to the allegations of the special defenses and claims, in the Fourth Count, that the acts alleged constitute an Unfair Trade Practice. The plaintiff has moved to strike the counterclaim on the grounds that the facts alleged do not arise out of the transaction which is the subject of the complaint and that the counterclaim, as well as the special defenses, improperly introduce settlement negotiations.
Practice Book Section 116 states that counterclaims may be filed "provided that each such counterclaim. . .arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint." The transaction test is designed to permit the joinder of closely related claims where such joinder is in the best interests of judicial economy." Wallingford v. Glen Valley Associates, Inc., 190 Conn. 158, 161 (1983). The transaction test is one of practicality and involves consideration of whether the same issues of fact and law are presented by the complaint and the counterclaim and whether separate trials of the respective claims would involve substantial duplication of effort by the parties and the courts. Jackson v. Conland, 171 Conn. 161, 166-167 (1976).
In the present case, the allegations concerning the representation regarding the index, the calculation of interest, and the claimed execution of modification agreements are closely related to the existence of the debt and foreclosure claims asserted in the complaint and, if not considered together, would involve substantial duplication of effort. The fourth count of the counterclaim assets that the facts allege constitute an unfair trade practice and therefore, assert a cause of action which in its factual basis, is likewise closely related to the matters raised by the complaint.
The Third Special Defense alleges that the parties entered into an "agreement" which changed the provision of the note and mortgage. The third count of the counterclaim refers to the execution of a written "modification agreement." The issues raised by such pleadings are, therefore, based upon alleged "agreements" between the parties and therefore do not attempt to improperly introduce settlement negotiations.
Accordingly, the Motion to Strike is denied. CT Page 9713
RUSH, J.