[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (DOCKET ENTRY 114)
Plaintiff, Marine Midland Bank, sues the defendants, Michael Gibbs and Giselle Gibbs, on a $1,000,000.00 promissory note. The plaintiff alleges in the one count complaint that the note was executed by the defendants on December 6, 1989 and is in default.
Defendants filed a revised answer to the complaint and asserted five special defenses and three counterclaims. The CT Page 155 plaintiff moves to strike the third and fourth special defenses and all three counterclaims.
A party may file a motion to strike to contest the legal sufficiency of any counterclaim or any special defense. Practice Book 152(3) and (5). A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985).
I. SPECIAL DEFENSES
In support of striking two special defenses, the plaintiff argues that they are improper because the allegations fail to show that the plaintiff does not have a cause of action. The defendants cite and attach a copy of Dime Savings Bank v. Wu, 7 CSCR 93 (November 27, 1991, Rush, J.), in support of their argument that the special defenses are proper.
Practice Book 164 provides, in relevant part, "[f]acts which are consistent with [the plaintiff's] statements but show, notwithstanding, that he has no cause of action, must be specially alleged."
A. SPECIAL DEFENSE THREE
In the third special defense, the defendants allege that the plaintiff agreed to finance a merger between Aqua Fab, Inc., of which the defendant Michael Gibbs was Chairman of the Board of Directors and Chief Executive Officer, and Manufacturing Holdings, L.P. ("Holdings"), a limited partnership. The defendants allege that, as a part of the acquisition agreement, Holdings agreed to buy all of the defendant Michael Gibbs' shares in Aqua Fab. The defendants set forth factual allegations that Michael Gibbs was a third party beneficiary of the merger agreement and the financing agreement. The defendants further allege that the plaintiff breached the financing agreement, causing the merger to collapse and preventing the defendant Michael Gibbs from disposing of his Aqua Fab stock. The defendants allege that they sustained damages in excess of $10,000,000.00 as a result of the plaintiff's breach.
This special defense is improperly pled because it fails to show that the plaintiff has no cause of action for CT Page 156 collection of the $1,000,000.00 promissory note. The promissory note does not incorporate the agreements alleged in the third special defense and there are no allegations that the breach defeats the action upon the note.
Defendants' reliance on Dime Savings Bank v. Wu is misplaced. In Wu, a foreclosure action, the court allowed special defenses to stand, but these special defenses directly alleged facts to show that the defendants were negligently or fraudulently induced to enter into the note and mortgage agreements at issue. Furthermore, the court noted the equitable nature of a foreclosure action and that "equitable circumstances [may] require withholding of foreclosure or a reduction of the stated indebtedness." Wu, supra, 93 (citation omitted).
Defendants have failed to allege facts showing a proper special defense; therefore, the court grants the plaintiff's motion to strike the third special defense.
B. SPECIAL-DEFENSE FOUR
In the fourth special defense, the defendants incorporate the allegations of the third special defense and further allege that Michael Gibbs contracted to work for the entity that would be created by the merger. The defendants allege that, as a result of the plaintiff's breach of the financing agreement, the merger collapsed and the employment agreement was withdrawn. The defendants claim damages in excess of $1,448,798.00.
The fourth special defense fails for the reasons that the third special defense fails: the allegations do not defeat the action on the note. The fourth special defense is likewise stricken.
II. COUNTERCLAIMS
In support of striking all three counterclaims, the plaintiff argues that none arise from the transaction alleged in the complaint and they are, therefore, improper. The defendants argue that the note sued upon by the plaintiff and the transactions and agreements alleged by the defendants are all part of an ongoing relationship between the parties. They argue that the note is not an isolated event. They, therefore, argue that the counterclaims are proper either as counterclaims or as CT Page 157 setoffs.
 Traditionally, the distinction between a setoff and a counterclaim centers around whether the claim arises from the same transaction described in the complaint. If the claim involves a debt which is mutual and liquidated, even though it arises from separate transactions, it is characterized as a setoff . . . . The title of the pleading is not controlling. The issue is rather whether sufficient facts are pleaded that would allow recovery either as a setoff or as a counterclaim.
Northwestern Electric, Inc. v. Rozbicki, 6 Conn. App. 417, 426,505 A.2d 750 (1986).
A. COUNTERCLAIM ONE
The first counterclaim contains the same allegations as the third special defense and, further, seeks more than $10,000,000.00 in damages.
Defendants do not allege in the first counterclaim facts showing a mutual and liquidated debt between the parties. Rather, the defendants allege a breach of contract. This is not sufficient to allege a setoff.
Furthermore, defendants allege no facts showing that the breach of contract arises from the same transaction as the promissory note in the complaint. There are no allegations that the contracts in the first counterclaim incorporate the note in the complaint. There are simply no factual allegations tying the transactions together.
As the first counterclaim fails to allege facts stating a legally sufficient counterclaim or setoff, the motion to strike it is granted.
B. COUNTERCLAIM TWO
The second counterclaim contains the same factual allegations as the fourth special defense and, further, seeks more than $1,448,798.00 in damages. The second counterclaim CT Page 158 fails as a setoff or alternatively as a counterclaim for the same reasons that the first counterclaim fails and is, therefore, stricken.
C. COUNTERCLAIM THREE
In counterclaim three, the defendants incorporate the allegations in the first and second counterclaims and further allege that in reliance upon the merger, financing and employment agreements, defendants bought a house and property in New Canaan, Connecticut for $3,000,000.00. The defendants allege that they were to close on the house before the merger and sale of stock were to take place. They allege that the plaintiff agreed to provide the defendants with a "bridge loan" of $3,000,000.00. After the merger fell through, the defendants allege that the plaintiff repudiated the bridge loan and instead provided a $1,800,000.00 loan. One million dollars was used as a second mortgage on the Connecticut property and $800,000.00 was used to assume a preexisting first mortgage on the defendants' property in Remsenburg, New York. The defendants further allege that the plaintiff forced them to sell the New York property at a loss to satisfy the first mortgage upon it.
The defendants assert that the plaintiff knew the defendants would not have bought the Connecticut property if the plaintiff had not agreed to finance the merger of the defendants' company. The defendants further assert that the breach caused them damages in that the New York house was sold at a loss. They also assert that the plaintiff's conduct relieves them of their obligations under the note.
The note sued upon by the plaintiff is secured by second mortgages upon the New York and Connecticut properties mentioned by the defendants. Those allegations asserted in counterclaim three evidence a group of interrelated agreements between the parties, including the promissory note that is the subject of the complaint. As the allegations in counterclaim three arise from the same facts set forth in the note and the transaction alleged in the complaint, the motion to strike the third counterclaim is denied.
In summary, the motion to strike the third and fourth special defenses and the first and second counterclaims is granted. The motion to strike the third counterclaim is denied. CT Page 159
E. EUGENE SPEAR, JUDGE