[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO STRIKE (NO. 119)
The plaintiff, Connecticut National Bank, commenced this foreclosure action against defendants, Grella Family Investment Partnership, Edward T. Grella and Joanne G. Karkut, by filing a writ, summons, direction for affidavit, and complaint on March 17, 1992. The facts alleged in plaintiff's two count complaint are as follows. The defendants executed a promissory note dated June 21, 1990 whereby defendants became obligated to pay plaintiff the principal sum of $500,000.00, together with interest in accordance with the terms of the note, payable in full on July 1, 1991. To secure the note, the defendant, Grella Family Investment Partnership, mortgaged to the plaintiff two parcels of land, with all buildings and improvements thereon, known as 2182-2189 Fairfield Beach Road and Lot 8 Morehouse CT Page 7575 Highway, Fairfield, Connecticut.
The alleged note is now due and payable under the terms of the note and mortgage but the defendants have failed to pay the note.
On November 19, 1992, the defendants filed an answer, special defenses and counterclaim. On December 9, 1992, the plaintiff filed a motion to strike defendant's second and third special defenses and counterclaim together with a supporting memorandum of law. On January 12, 1993, the defendants filed a request for leave to amend their special defenses and counterclaim. The plaintiff did not file an objection to defendants' request to leave to amend their special defenses and counterclaim. Accordingly, since plaintiff failed to file an objection to defendants' request to amend within fifteen days from the request, the plaintiff is deemed to have consented to the defendants request to amend. See Practice Book 179.
In their first special defense, the defendants claim that the note and mortgage signed by defendants on June 21, 1990, is unenforceable because it was without consideration. The defendants contend that prior to the execution of the June 21, 1990, note and mortgage they were in the process of constructing and leasing an office building located at 2150 Black Rock Turnpike to a party not involved in this action. The defendants allege that before the aforementioned transaction was completed the plaintiff and the defendants entered into negotiations for the lease of the Black Rock Turnpike property. The defendants claim that the plaintiff agreed to advance monies as an inducement for the defendants to enter into the lease with the plaintiff. Therefore, it is the defendants' position that the advances made by plaintiff were in consideration for the execution of a lease agreement, rather than in consideration for the June 21, 1990, mortgage and note. In their second special defense, the defendants claim that the June 21, 1990, note and mortgage are invalid to the extent that payments made to the defendants were in consideration for the execution of the lease to the Black Rock Turnpike property. In their third special defense, the defendants allege that the plaintiff breached its implied covenant of good faith and fair dealing under General Statutes 42a-1-203 by bringing this action to foreclose the mortgage deal.
In the first count of their counterclaim, the defendants CT Page 7576 contend in substance that the June 21, 1990, note and mortgage was without consideration and therefore, unenforceable. In the second count of their counterclaim, the defendants allege that by bringing this foreclosure action, the plaintiff breached the covenant of good faith and fair dealing. In the third count of their counterclaim, the defendants claim that the advances that the plaintiff paid to the defendants were to be interest free.
On February 3, 1993, the plaintiff filed a motion to strike the defendants' second and third special defenses as well as defendants' counterclaim as amended on January 11, 1993 together with a memorandum of law in support of its motion. The plaintiff moves to strike the defendants' special defenses and counterclaim based on three grounds. The plaintiffs' first ground is that the defendants' fail to articulate judicially recognized special defenses in their second and third special defenses. The plaintiff's second ground is that the defendants fail to assert a valid cause of action in either the first or third count of the counterclaim. The plaintiff's third ground is that defendants fail to allege sufficient facts, in the second count of their counterclaim, to support their claim that plaintiff breached the covenant of good faith and fair dealing. In response to the plaintiff's motion to strike, defendants filed an objection to plaintiffs' motion to strike on April 14, 1993, together with a supporting memorandum of law.
The purpose of the motion to strike "is to test the legal sufficiency of a pleading. Practice Book, 1978, 152. . ." (Citation omitted.) Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989). Moreover, a motion to strike is properly used to challenge the legal sufficiency of an answer, special defense, or counterclaim. Practice Book 152(5). All well pleaded facts in a contested pleading are deemed admitted for the purposes of a motion to strike, and should be construed in a light most favorable to the non-moving party. Rowe v. Godou,209 Conn. 273, 278, 550 A.2d 1073 (1988). "`The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them; and if facts provable under the allegations would support . . . a cause of action, the . . . [motion to strike] must fail.'" (Citations omitted.) Ferryman v. Groton, supra 142. Therefore, the court must construe the defenses or counterclaim "in the manner most favorable to sustaining their legal sufficiency." Bouchard v. People's Bank, 219 Conn. 465, 471, 594 A.2d 1 (1991). If the facts provable under the allegations would not support a valid CT Page 7577 defense, the motion to strike must be granted. Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541,545, 427 A.2d 752 (1988).
There is currently a split of authority among the judges of the Superior Court regarding the scope of available defenses to a foreclosure action. Historically, the defenses available in a foreclosure action have been limited to payment, discharge release, satisfaction or invalidity of a lien. Peterson v. Weinstock, 106 Conn. 436, 441 138 A. 433 (1927); see also Hans L. Levi, Inc. v. Kovacs, 5 Conn. L. Rptr. 260, 261 (November 4, 1991, Pickett, J.). "However, because foreclosure is equitable, courts have recognized that flexibility is required in certain situations." Hans L. Levi, Inc. v. Kovacs, supra, 261 citing Hamm v. Taylor, 180 Conn. 491, 497, 429 A.2d 946 (1980).
Judges of the Superior Court exercising their equitable power have recognized allegations of mistake, accident, fraud, equitable estoppel, CUTPA, laches, breach of the implied covenant of good faith and fair dealing, tender of deed in lieu of foreclosure, and a refusal to agree to a favorable sale to a third party. See Citicorp Mortgage, Inc. v. Kerzner, 8 CTLR 229 (January 15, 1993, Curran, J.); Home Savings of America, F.A. v. Chiapetta, 8 CTLR 223 (January 12, 1993, Nigro, J.); Hans L. Levi, Inc. v. Kovacs, supra; Bedford Plaza Ltd, Partnership v. Nakhi, 2 Conn. L. Rptr. 841 (June 8, 1990, Flynn, J.); Essex Savings Bank v. Firmberger, Superior Court, judicial district of New London, Docket no. 512191 (May 1, 1991).
"An action of foreclosure is peculiarly equitable and the court may entertain all questions which are necessary to be determined in order that complete justice may be done between the parties." Glotzer v. Keyes, 125 Conn. 227, 231, (1939) Dime Savings Bank v. Peter Wu, ET Al, Superior Court 7 CSCR 93, (January 20, 1992, Rush, J.). ". . . [A] trial court in foreclosure proceedings has discretion, to withhold foreclosure or to reduce the amount of the stated indebtedness." Hamm v. Taylor, 190 Conn. 491, 497 (1980).
With the foregoing principles in mind the court turns to the specific claims of the parties.
Plaintiff bases his motion to strike defendants' second and third special defenses on the ground that defendants fail to articulate judicially recognized special defenses. When the CT Page 7578 movant does not specify in its motion the distinct reasons for the claimed insufficiency of the non-movant's claim, the motion to strike is "`fatally defective' under Practice Book 154 notwithstanding the [movant's] inclusion of such reasons in its supporting memorandum of law." Bouchard v. People's Bank,219 Conn. 465, 468, n. 4 594 A.2d 1 (1992). Utilizing "judicial recognition" as a ground for a motion to strike is overbroad and is in itself insufficient. However the court may consider the movant's motion in such a form because the non-movant has not objected to the form and because of the nonjurisdictional nature of Practice Book 154 Id. In their second special defense, defendants claim that the June 21, 1990, note and mortgage are invalid to the extent that payments made to the defendants were in consideration for the execution of the lease to the Black Rock Turnpike property. Invalidity of the lien is one of the historical defenses to foreclosure. Beyond the talismanic word "invalidity" however, lies an allegation that payments were made. To the extent, if any, that these payments are ultimately credited to the defendant in a successful foreclosure action they could reduce the amount of the indebtedness. Hamm v. Taylor, supra, 497. The second special defense is legally sufficient and therefore, the motion to strike defendants' second special defense is denied.
In their third special defense, the defendants allege that the plaintiff breached its implied covenant of good faith and fair dealing. The plaintiff argues, in its memorandum of law, that its motion to strike defendants' third special defense should be granted because (1) the covenant of good faith and fair dealing has not been recognized as a defense to a foreclosure action; (2) the defendants' third special defense does not show that the plaintiff has no cause of action; (3) the breach of good faith and fair dealing is not a valid defense to a foreclosure action; and (4) the defendants have not asserted sufficient facts to support the claim of breach of the covenant of good faith and fair dealing.
 The Connecticut courts have specifically recognized an implied covenant of good faith and fair dealing in a variety of contractual relationships, including leases, insurance contracts, and construction contracts." Sorrillo v. Shotner, 2 CSCR 1095 (1987) Leuba, J.), citing Magnan, supra. "There is no CT Page 7579 logical reason why good faith and fair dealing should be excluded from contractual arrangements involving mortgages;" id; and therefore, breach of "a covenant of good faith and fair dealing may be asserted in a foreclosure action. . ." (Citation omitted.) Essex Savings Bank, supra, 3.
Citicorp Mortgage, Inc. v. Kerzner, supra, 230. This court finds that the third special defense is legally sufficient and therefore the motion to strike is denied.
In the first count of their counterclaim, the defendants claim that the June 21, 1990, note and mortgage was without consideration and therefore, unenforceable. Accordingly, the defendants seek a discharge of the mortgage deed. (See defendant's prayer for relief annexed to defendants' Amended Special Defenses and Counterclaim and Defendants' Memorandum of Law in Support of their Objection to Plaintiff's Motion to Strike.) The plaintiff bases its motion to strike the first count of defendants' counterclaim on the ground that defendants failed to allege a valid cause of action. The plaintiff argues that the first count of defendant's counterclaim fails to establish the existence of a right of action.
 Under our rules of practice, a counterclaim, if proper, is an independent action. It has been defined as "a cause of action existing in favor of a defendant against a plaintiff which a defendant pleads to diminish, defeat or otherwise affect a plaintiff's claim and also allows a recovery by the defendant. . . ." Accordingly, the general rule is that "[a] counterclaim should be pleaded in exactly the same way the claim would be pleaded in the complaint in an independent action."
(Citations omitted.) Home Oil v. Todd, 195 Conn. 333, 341,487 A.2d 1095 (1985). The defendants argue that "our courts have recognized a right of action for discharge of a mortgage deed when there is failure of consideration." (See Defendant's Memorandum of Law in Support of Defendants' Objection to CT Page 7580 Plaintiff's Motion to Strike.) Defendants rely solely on Hartford National Bank Trust Company v. Bowers, 3 Conn. App. 656, A.2d (1985), to support the proposition that our courts have recognized a right of action for discharge of a mortgage deed when there is a failure of consideration. Such reliance is misplaced and the Appellate Court in Hartford National Bank 
Trust Company v. Bowers, supra, did not recognize a right of action for discharge of a mortgage deed when there is a failure of consideration. Instead, the Appellate court found that "[a]lthough the parties' briefs treat the court's decision as meaning that there was a lack of consideration . . . [w]e construe the [trial] court's language to mean simply that the plaintiff failed to provide its promised consideration of the note and mortgage. . . ." Id., 559-60. Accordingly, the Appellate Court determined that "the plaintiff failed to fulfil it's part of the agreement. . . ." Id., 660. Thus, the Appellate Court merely found that the plaintiff breached it's part of the contract and did not recognize a right of action for discharge of a mortgage deed where there is a failure of consideration. Instead, the court recognized a right of action when the contract has been breached. Therefore, the defendants have not alleged a valid cause of action in the first count of their counterclaim. Accordingly, the plaintiff's motion to strike the first count of the defendant's counterclaim is granted.
In the second count of their counterclaim, defendants claim that by bringing an action for foreclosure of the mortgage, the plaintiff breached its implied covenant of good faith and fair dealing. The plaintiff moves to strike the second count of the defendants' counterclaim on the ground that the defendants failed to allege sufficient facts to support the claim of breach of the covenant of good faith and fair dealing. Rather than addressing the question of factual sufficiency, the plaintiff argues in its supporting memorandum of law that the defendants' breach of the covenant of good faith and fair dealing claim is legally insufficient as a matter of law. Whether a breach of the covenant of good faith and fair dealing is legally sufficient need not be addressed because the trial court may not consider grounds other than those specified in the motion. Board of Education v. Dow Chemical Co., supra., 142. The plaintiff's factual sufficiency argument is deemed abandoned because "a memorandum of law in support of a motion to strike which does not cite any legal authority does not comply with Practice Book 155." Roy v. Borgesano, supra; see also DeMilo v. CT Page 7581 West Haven, supra 682, n. 8. Moreover, Connecticut does recognize a cause of action of the implied covenant of good faith and fair dealing. Magnan v. Anacondo Industries, Inc.,193 Conn. 558, 56, 479 A.2d 791 (1984).
 "Good faith performance or enforcement of a contract emphasizes faithfulness to an agreed common purpose and consistency with the justified expectations of the other party. . . ." Essentially [the implied covenant of good faith and fair dealing] is a rule of construction designed to fulfill the reasonable expectations of the contracting parties as they presumably intended.
(Citations omitted.) Id., 566-67
In the second count of their counterclaim the defendants allege that the plaintiff paid money to the defendants as an inducement to enter into a lease. The defendants also allege that they only executed the note and mortgage to accommodate the plaintiff and not for the purpose of entering into a legal agreement to execute a note and mortgage. Therefore, the defendants' allegations indicate that the parties intended to execute a lease and not a note and mortgage. Accordingly, the defendants' allegations demonstrate that the defendants reasonably expected that the plaintiff would not attempt to foreclose on the note and mortgage. Construing the allegations of the counterclaim in a light most favorable to the defendants non-movants, the second count of the defendant's counterclaim is factually sufficient and therefore, the plaintiff's motion to strike the second count of defendant's counterclaim is denied.
In the third count of their counterclaim, the defendants claim that the agreement between the plaintiff and the defendants with respect to the plaintiff's alleged advances, was to be interest free. The plaintiff bases its motion to strike the third count of the defendants' counterclaim on the ground that the defendants fail to allege a valid cause of action.
 Under our rules of practice, a counterclaim, if proper, is an independent action. It has been defined as "a cause of action existing in favor CT Page 7582 of a defendant against a plaintiff which a defendant pleads to diminish, defeat or to otherwise affect a plaintiff's claim and also allows a recovery by the defendant. . . ." Accordingly, the general rule is that "[a] counterclaim should be pleaded in exactly the same way the claim would be pleaded in the complaint in an independent action."
(Citations omitted.) Home Oil v. Todd, supra 341, The defendants' merely make a factual allegation which is not attached to any valid cause of action in the third count of their counterclaim. The defendants do not cite to any authority or make an argument to support the validity of the claim made in count three of their counterclaim. Thus, the plaintiff's motion to strike the third count of defendants' counterclaim is granted.
Accordingly, for the aforementioned reasons the plaintiff's motion to strike the defendants second and third special defense is denied; the plaintiff's motion to strike the second count of defendant's counterclaim is denied; and the plaintiff's motion to strike the first and third counts of defendants' counterclaim is granted.
LEHENY, JUDGE