THE BRIDGEPORT-CITY TRUST CO., EXTR., ET AL.
*vs.*
CHARLES J. McLAUGHLIN, TAX COMMISSIONER

Superior Court       Fairfield County       File No. 58633

MEMORANDUM FILED JANUARY 21, 1941.

*Willis, Foster & Lister,* of Bridgeport, for the Plaintiffs.

*Frederick W. Dauch,* Assistant Attorney General, and *J. J. Johnson,* of Hartford, for the Defendant.

KING, J.  This is an appeal from the decree of the court of probate adjudging taxable an *inter vivos* transfer of the decedent.

Somewhat simplified, the stipulated facts in this case are that on December 6, 1935, Roderick J. MacKenzie delivered certain securities and other personal property to The Bridge-port-City Trust Company, as trustee, to hold under a trust indenture, executed on that date, which created an irrevocable trust and provided that the trustee should pay the net income to the settlor's wife, Nellie R. MacKenzie, for her life, and if she predeceased the settlor, then that such income should be paid to the settlor's son, William N. MacKenzie, for the duration of the settlor's life, and that, at the death of the survivor of Nellie R. MacKenzie and the settlor, the trust should terminate and the trust estate be turned over absolutely (with certain exceptions not here material) to the son, William N. MacKenzie; that at the time the trust was created the settlor was 74 years old and his wife 72, and both were in good health; but that the wife died January 8, 1936, and thereafter the son received the net income until the settlor's death on June 26, 1938.

The State of Connecticut claims that the succession of William N. MacKenzie, the son, is taxable under the provisions of subdivision (d) of section 486c of the 1935 Cumulative Supplement to the General Statutes.  The agreed statement of facts states nothing about the actual intent of the settlor, so that the only question is whether an intent, as required by the statute, is to be found as matter of law.  That part of the statute raising a presumption of such intent in the commonly encountered case of a trust wherein the settlor reserves to himself the income of the trust property for life and at his death the principal passes to another, is not, of course, involved in this case.

Our statute has been held to be a tax on the succession to, rather than, as in the case of the Federal estate tax, a tax on the transfer of, property of a decedent. *Blodgett vs. Guaranty Trust Co.*, 114 Conn. 207, 217.

However, the State, in order to tax this property, must bring it within the terms of the statute. No attempt is being made to tax the income received by the son, so that the question is confined to the taxability of the remainder interest in this trust. The statute makes it taxable if it was the transfer of an interest "intended to take effect in · possession or enjoyment at or after the death of the" settlor. The first question is as to the presence of the necessary intent.

It seems obvious that such an intent existed in the settlor's mind in the event that the settlor survived his wife. If he did not survive her, it was his intent that it should so take effect upon her death. On the basis of what is known, it is likely that the settlor thought that his wife would survive him, since she was at least slightly over a year younger. But this does not seem material as to his intent. The intent is present in either case, although the expectation is there in the one case only. It is not a question of what the testator expected but of what he intended. There was no purpose in writing into the trust indenture his own life as the alternative measure of the income-paying term of the trust if he did not intend such a measure. Whatever might have been the case had his intent never had an opportunity to operate and his probable expectations been realized by his predeceasing his wife, as a fact this alternative intent, existing at the creation of the trust, by the event of the predecease of the wife, was transformed from an unrealized alternative intent to a realized and intended objective. The necessary intent existed that some change in the son's rights in the trust property should take effect on his death, and such intent was effectuated and its objective realized.

The next question is, was this change a transfer of possession or enjoyment of an interest in the trust estate taxable under the statute?

That the remainder interest in the corpus of the trust had vested in the son at the creation of the trust must be admitted. But that the full possession and enjoyment of the remainder interest had so vested is not the fact. What happened upon

the settlor's death was that the trustee's power over the corpus of the trust was terminated and the son left the absolute owner. Prior to the settlor's death the son was in receipt of the income and had a vested interest in the principal subject to the payment of the income to himself during his father's (the settlor's) life. The death of the settlor broke the shackles of the trustee's management of the trust and gave the son the right to use the principal as his own property. Was the breaking of the fetters of the trust, occurring on the settlor's death, in the case of one who already (1) has the income during the settlor's lifetime and (2) has a vested remainder in the corpus, a transfer of possession or enjoy- ment to him? To most persons the transfer of the unbridled right to handle money which they have previously been unable to invest or spend at all except as the net income is doled out to them by a trustee, would constitute a transfer of a considerable amount of enjoyment in the money; enough, it would seem, to bring it within the test of the Supreme Court that where the death of the settlor is a factor in the devolution of an interest in the subject matter of the gift not previously enjoyed, there is a transfer of possession and en- joyment sufficient to make the gift taxable. *Hackett vs. Bankers Trust Co.*, 122 Conn. 107, 117. The transfer in question was intended to, and did, take effect in enjoyment, if not technically in possession, at the death of the testator. Because of the vital element of intent, non-taxability could probably have been achieved had the testator's own life been eliminated as a yardstick for the duration of the period during which income was received.

The foregoing conclusions find some support in *McLaughlin, Tax Commissioner vs. Hartford-Connecticut Trust Company and Patten, Executors,* No. 4258, decided by the Superior Court for Tolland County on May 3, 1939; as well as in the excellent memorandum of the judge of probate from whose judgment this appeal is taken.

The appeal is dismissed, the judgment of the probate court affirmed, and the clerk of this court is directed to transmit a certified copy of this memorandum and of the judgment file to the Court of Probate for the District of Fairfield, from the decree of which this appeal was taken.