## HARTFORD NATIONAL BANK AND TRUST COMPANY v. FLORENCE I. BOWERS ET AL.
### (2620)

HULL, BORDEN and SPALLONE, Js.

Argued February 8—decision released April 30, 1985

*Joel N. Sable,* with whom, on the brief, were *Stephen S. Chintz* and *Patrick W. Boatman,* for the appellant (plaintiff).

*Dwight O. Schweitzer,* with whom was *Edward Morelli,* for the appellee (named defendant).

HULL, J. The plaintiff, Hartford National Bank and Trust Company, appeals from a judgment of the trial court denying its claim for foreclosure of its mortgage on the defendant's[1] property and granting relief on the defendant's amended counterclaim[2] for cancellation of the mortgage. The plaintiff claims three grounds for appeal: (1) That the court erred in denying the plaintiff's claim for foreclosure on the defendant's property

---

[1] Aside from Florence Bowers, several other parties were originally named as defendants to this action, including Florence Bowers' husband. He, however, was discharged from this debt in bankruptcy proceedings and the remaining defendants either admitted having no defense or were merely garnishees. Hence, only Florence Bowers is defending this appeal.

[2] The defendant's counterclaim was amended, with the permission of the court, subsequent to the trial so as to conform to the proof.

because of a failure of consideration; (2) that the court erred in admitting parol evidence to find that there had been an agreement between the parties that a demand note could be paid according to a periodic payment schedule; and (3) that the relief ordered by the court was inequitable and excessive.

On November 1, 1978, Florence Bowers executed a demand note for $50,000 in favor of the plaintiff. Bowers then reduced the sum due to $40,000 and, on April 23, 1980, she executed a replacement demand note for the reduced amount. This renewal note was secured by a mortgage on her property. Approximately eight days later, the plaintiff demanded full payment of the note and, in September, 1980, instituted this action for foreclosure of its mortgage.

The plaintiff alleged that the demand was made because it had discovered that its mortgage was the third on the property rather than the second as it had been led to believe. Bowers responded that no such misrepresentation had been made but that, in fact, the demand was made to bring pressure to bear on her husband in unrelated business dealings he had with the plaintiff.

The trial court found that the plaintiff had initiated the note renewal negotiations, that it had no security for its original note and that the mortgage it took in connection with the renewal was accepted without any title search on its part. The court further found that there was no misrepresentation by Bowers and that, "as part of the complete transaction, the parties also agreed that the plaintiff would not make demand for payment as permitted by the note so long as the defendant complied with the plaintiff's repayment schedule." That schedule was never prepared as the bank made demand almost immediately. Thus, the court held that "there was a failure of consideration on the part of the

plaintiff as to the complete transaction, and that the plaintiff has not proved a legal basis for its complaint.''

With regard to the defendant's counterclaim, the court ruled ''upon the defendant's counterclaim, the judgment of the court is that defendant's mortgage to the plaintiff is hereby cancelled and declared to be null and void.'' The plaintiff filed its appeal from the judgment of the trial court for the defendant on both the complaint and the counterclaim, raising the three issues referred to above.

We note at the outset that the plaintiff's second claim of error, relating to the court's admission of parol evidence, is not properly before this court. Practice Book § 3060F (c) (3) requires that where error is claimed in a ruling such as is involved here, ''the brief shall include, where appropriate: the pertinent motion or pleading, if it does not appear in the printed record; the question or offer of exhibit; the objection and the ground on which it was based; the ground on which the evidence was claimed to be admissible; the answer, if any; the ruling; and any exception.'' Nowhere in the plaintiff's brief is this rule complied with. In fact, the brief does not even assert that any objection was made to the introduction of parol evidence and a review of the transcript demonstrates that no such objection was made. We, therefore, decline to review this claim.

As to the first of the plaintiff's remaining claims of error, that the court erred in finding a ''failure of consideration,'' we conclude that the decision was, more accurately, that the plaintiff did not fulfill its side of the agreement. The court stated that ''[t]he plaintiff failed to carry out its part of this agreement'' and immediately thereafter found ''a failure of consideration on the part of the plaintiff . . . .'' Although the parties' briefs treat the court's decision as meaning that there was a *lack* of consideration, ''[t]he trial court's

inappropriate choice of words does not amount to reversible error." *Coe-Park Donuts, Inc.* v. *Robertshaw Controls Co.,* 1 Conn. App. 84, 88, 468 A.2d 292 (1983). We construe the court's language to mean simply that the plaintiff failed to provide its promised consideration for the note and mortgage provided by Bowers. That consideration was to provide a repayment schedule and to refrain from making full demand as long as that schedule was followed by Bowers.

Having concluded that the plaintiff failed to fulfill its part of the agreement, the trial court was within its discretion in not granting foreclosure of the mortgage for the defendant's failure to pay the balance of the note on demand. *Hamm* v. *Taylor,* 180 Conn. 491, 497, 429 A.2d 946 (1980).

The plaintiff's final claim of error is that the court's judgment cancelling the mortgage was "inequitable and/or excessive." This claim appears to be based on the mistaken assumption that the trial court "void[ed] the Renewal Note and mortgage on the erroneous ground of failure of consideration." This is not an accurate assessment of what the court did. The memorandum of decision clearly states that "upon the *defendants' counterclaim,* the judgment of the court is that the defendant's mortgage to the plaintiff is hereby cancelled and declared to be null and void." (Emphasis added).

Since the plaintiff did not live up to its end of the bargain, it was not unreasonable for the trial court to cancel the mortgage. Although in the present case the trial court's award was unusual, it cannot be said that it was an abuse of discretion. We, therefore, conclude that the court did not err in its award on the defendant's counterclaim.

There was no dispute, however, as to the validity of the note in the principal amount of $40,000 due by the

defendant thereunder.[3] Consequently, the court erred in failing to render judgment for the plaintiff on the note in that amount.

There is error in part; the judgment on the plaintiff's complaint is set aside and the case is remanded to the trial court with directions to render judgment for the plaintiff as to the principal amount due on the note and for further proceedings as to any interest and costs, including attorney's fees, also due thereupon.

In this opinion the other judges concurred.

---

[3] Testimony was elicited at trial that the interest due on the note as of that date, February 10, 1983, was $17,869.45. No finding was made to that effect, however, so the amount of interest due from the date the note was signed must be found on remand.