[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE NOS. 142, 143, 145
On February 2, 1994, the plaintiff, Gateway Bank, filed a complaint seeking, inter alia, the foreclosure of certain mortgaged premises arising out of Stuart Herman's and Barbara Herman's alleged failure to make payments on certain promissory notes.
The complaint alleges that on or about December 10, 1986, Stuart Herman executed a promissory note in the original principal amount of $700,000 in favor of the plaintiff. In order to secure that note, the complaint alleges that Stuart Herman mortgaged to the plaintiff a certain parcel of land located in Redding, Connecticut. The complaint further alleges that on or about August 23, 1985, defendant, Barbara Herman, executed a Loan Guaranty Agreement requiring her to guarantee the $700,000 loan obligation of Stuart Herman to the plaintiff.
The complaint then recites that on July 10, 1992, Stuart and Barbara Herman entered into a Future Advance and Forbearance Agreement ("Agreement") with the plaintiff, entitling Stuart Herman to borrow an additional $70,000, which sum is also secured by the same mortgage that secured the previous $700,000 loan obligation. The complaint alleges that pursuant to the Agreement, the plaintiff agreed to forbear from demanding payment of the $700,000 note until December 31, 1992, "which S. Herman and B. Herman acknowledged was in default as of that date. . . ." The complaint alleges that Stuart Herman represented in the Agreement as follows:
 [T]he plaintiff has the unconditional right to demand payment in full of the $700,0000 [$700,000] Note and the $70,000 Note any time on or after December 31, 1992 and to foreclose on the Mortgage in the event of a default under the $700,000 Note or the $70,000 Note. In addition, S. Herman represented in the Agreement that he had no claims, counterclaims, rights of setoff or defense with respect to the $700,000 Note, the $70,000 Note and the Mortgage, or otherwise, and that he waived any such claims, counterclaims or defenses.
The complaint alleges that Barbara Herman, in her capacity as guarantor, articulated the same representations as those of Stuart Herman with respect to her obligations under the guaranty. CT Page 5510
The complaint alleges that Stuart Herman failed to tender the payments due on the $700,000 note in accordance with that note's terms and that on August 9, 1993, the plaintiff made written demand upon Stuart Herman for payment in full of both notes no later than September 15, 1993. The complaint alleges that the plaintiff made the same written demand upon Barbara Herman in her capacity as guarantor. Despite those demands, the complaint alleges that Stuart and Barbara Herman have failed and refused to tender the required payments pursuant to their obligations. Based on the foregoing, the plaintiff, as owner of the subject notes, has declared the principal balance and interest of both notes as due and payable.
In its complaint, the plaintiff also names the H.O. Penn Company, Inc. ("Penn"), who allegedly claims an interest in the property by virtue of a mortgage given by Stuart Herman and the Gerrity Company, Inc. ("Gerrity"), who allegedly claims an interest in the property by virtue of a judgment lien certificate. It is alleged that both Penn and Gerrity executed a subordination agreement that subordinated their respective interests to the plaintiff's mortgage.
On November 10, 1994, Stuart Herman and Barbara Herman ("Hermans") filed an answer. By way of special defense, the Hermans rely upon the Agreement and allege a breach of that Agreement on behalf of the plaintiff.
On May 16, 1994, Gerrity filed an answer. By way of special defense, Gerrity alleges that "it signed a subordination agreement to the $70,000.00 construction advance to be made by the plaintiff to the defendant, Stuart A. Herman, on the condition that the plaintiff would advance the full sum of $70,000.00 to the defendant for the completion of his subdivision of lots, and said plaintiff has failed to make the total sum of advances of $70,000.00 to the Defendant, Stuart A. Herman."
On May 19, 1994, Penn filed an answer. By way of special defense, Penn alleges the identical special defense as that of Gerrity.
The plaintiff has filed motions to strike the Hermans', Gerrity's and Penn's special defenses on the grounds that those special defenses (1) fail to comport with Practice Book, Sec. 164; and (2) fail to allege facts that address the making, CT Page 5511 validity or enforcement of the notes or mortgages in question. The plaintiff has filed a memorandum of law in support of its motion to strike. The Hermans have filed a memorandum of law in opposition to the plaintiff's motion.
The purpose of the motion to strike is to challenge the legal sufficiency of the allegations of any complaint. Gordon v.Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185
(1988). In judging the motion, it does not matter whether the party can prove the allegations at trial. Levine v. Bess and PaulSigel Hebrew Academy of Greater Hartford, Inc., 39 Conn. Sup. 129,132, 471 A.2d 679 (Super.Ct. 1983). The motion admits all facts well pleaded, but does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachosv. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). The sole inquiry is whether the plaintiff's allegations, if proved, state a cause of action. Id. A motion to strike is the proper procedural vehicle to challenge the legal sufficiency of any special defense. Practice Book, Sec. 152.
With regard to the Hermans' special defense, the plaintiff recasts and relies upon the grounds set forth in its motion, and further argues in its supporting memorandum that the express terms of the Agreement bar the Hermans' defense because the Agreement specifically provides that the plaintiff has an unconditional right to foreclose after December 31, 1992.
With regard to Gerrity's and Penn's special defenses, the plaintiff again recasts and relies upon the grounds set forth in its motion, and further argues in its supporting memorandums that, inter alia, (1) their defenses fail because they do not address the making, validity or enforcement of the subject mortgage; and (2) their defenses fail as a matter of law because the plaintiff had no obligation to advance funds to the Hermans.
In their special defense,[1] the Hermans initially allege that the purpose of the Agreement was to permit the mortgaged property to be subdivided and that the Hermans and the plaintiff agreed that the $70,000 sum would be required in order to effectuate that purpose. The Hermans allege that the $70,0000 [$70,000] advance from the plaintiff would be used to acquire the services of surveyors, engineers, attorneys, etc., to prepare for subdivision approval. The Hermans allege, however, that the plaintiff breached the Agreement by paying out only $26,581.53 of the agreed upon sum of $70,000. The Hermans allege that the CT Page 5512 subdivision approval date of December 31, 1992 was "unrealistically short" and would defeat the Agreement's purpose of creating the subdivision in question.
The Hermans further allege in their special defense that in order to create the subdivision, the plaintiff agreed to forbear from foreclosing the $700,000 and $70,000 mortgages until the subdivision approval date of December 31, 1992 was realized. The Hermans claim in their defense that "[t]he proper interpretation of the Agreement requires the Bank to forbear from foreclosure until the subdivision of the land can be accomplished, and does not permit foreclosure merely because the date certain has passed, when that date certain was unrealistic and was not made of the essence."
The Hermans finally allege in their special defense that the Redding Conservation Commission "improperly and unlawfully" denied their inland wetlands application (as did the Redding Planning Commission) and that they currently have pending a challenge to that denial[2]. The Hermans allege that the Agreement fails to address "the effect of an improper denial and the necessity of an appeal . . . in order to accomplish the purposes of the agreement."
The Hermans claim in their special defense that if the plaintiff fulfills its obligations pursuant to the Agreement, all parties involved in this action will benefit, and that the plaintiff should be required "to forbear from foreclosure for so long as necessary to obtain subdivision approval of the land mortgaged to secure the loan, and until it cures its breach of its obligation under the Agreement to advance the $70,000 costs required for subdivision approval."
Initially, the Hermans argue in their opposition memorandum that the foregoing defense "relates directly to the interpretation of the Agreement under which the foreclosure is sought and in fact seeks to enforce that Agreement." The Hermans maintain that since the mortgage itself requires the plaintiff to forbear in instituting this action, and since the plaintiff "pulled the rug out from under" them by failing to make the necessary advances so that subdivision approval could be effectuated, their defense should be recognized as an adequate defense to this foreclosure action. The Hermans rely uponHartford National Bank Trust Co. v. Bowers, 3 Conn. App. 656,491 A.2d 431 (1985) as authority for their position. CT Page 5513
In the alternative, the Hermans postulate that since the Agreement does not specify that "time is of the essence," it would be unreasonable for the court to conclude that the forbearance provision of the Agreement would become ineffectual on December 31, 1992.
Practice Book, Sec. 164 provides:
 No facts may be proved under either a general or special denial except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that he has no cause of action, must be specially alleged.
"Connecticut has recognized the following defenses to an action for foreclosure: payment, discharge, release or satisfaction,Connecticut Savings Bank v. Reilly, et al, 12 Conn. Sup. 327
(1944); accident, mistake or fraud, Boretz v. Segor, 124 Conn. 320,199 A. 548 (1938); unconscionability, Hamm v. Taylor,180 Conn. 491, 29 A.2d 946 (1988); abandonment of security,Glotzer v. Keyes, 125 Conn. 227, 5 A.2d 1 (1939); and usury AtlasRealty Corp. v. House, 120 Conn. 661, 183 A. 9 (1936)." BristolSavings Bank v. Miller's Chevrolet, 7 Conn. L. Rptr. 517, 518 (October 19, 1992, Aurigemma, J.).
In Hartford National Bank Trust Co. v. Bowers, supra, 3 Conn. App., the issue before the court, as it relates to the present action, was whether the trial court erred in denying the plaintiff's claim for foreclosure upon property owned by the defendant Bowers. In that case, Bowers initially executed a note for $50,000 in favor of the plaintiff bank. Bowers then reduced the sum to $40,000, whereupon Bowers executed a "replacement demand note" for the reduced amount. The trial court had found that the bank had not taken security for the original $50,000 note and that as part of the replacement demand transaction, the parties agreed that the bank would not make demand upon the defendant provided that the defendant complied with the bank's repayment schedule. However, the court in Hartford National held that "[h]aving concluded that the plaintiff failed to fulfill its part of the agreement [the schedule was never prepared as the bank made demand almost immediately], the trial court was within its discretion in not granting foreclosure of the mortgage for the defendant's failure to pay the balance of the note on demand." Id. 660. CT Page 5514
In contradistinction to the facts of the present case, the facts in Hartford National reveal that the agreement breached by the bank was the very same agreement that the defendant's payment and the bank's enforcement of that payment was predicated upon. Therefore, Hartford National should not be considered as persuasive authority for purposes of this motion.
In the present case, the allegations set forth in either the Hermans', Gerrity's or Penn's special defenses do not challenge the making, validity or enforcement of the notes or mortgage that the plaintiff seeks to foreclose, but rather alleges the nonperformance or breach, where a separate action may lie, with respect to an agreement that is separate from the note and mortgage referred to in the plaintiff's complaint. Moreover, that Agreement provides the plaintiff with an unconditional right to foreclose anytime after December 31, 1992, as compared to the conditional right to foreclose that accrued to the bank inHartford National. Since the plaintiff's business judgment in not disbursing further funds is separate from the execution and possible foreclosure of the notes and mortgage referred to in the complaint, Hermans', Gerrity's or Penn's special defense does not defeat the plaintiff's action for foreclosure, and, as such, fail to comport with section 164 of the Practice Book. See, e.g.,First Federal Bank v. Zavatsky, 8 CSCR 1128 (September 24, 1993, Moraghan, J.). Therefore, the plaintiff's motions to strike are granted.
Stodolink, J.