[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff, Great Country Bank, commenced this one count foreclosure action against the defendants, Joseph E. Kiely and Beth A. Kiely, for their alleged failure to pay amounts due under a promissory note dated July 26, 1991, for the amount of $204,000. In its complaint, the plaintiff alleges that the defendants granted the plaintiff a security interest by a mortgage on the subject real property located at 581 Oxford Road, Oxford, Connecticut.
As a result of the defendants failure to make payments of principal and interest, the plaintiff Great Country Bank instituted this action and are seeking to foreclose on the property.
On November 23, 1994, the defendants filed an answer alleging three special defenses: unclean hands, equitable estoppel, and breach of the implied covenant of good faith and fair dealing. On January 19, 1995, the plaintiffs filed a request to revise the defendants' special defenses. On February 14, 1995, the defendants filed an objection to the plaintiff's request to revise. The requested revisions were denied by the court.
On May 12, 1995, the plaintiff filed a motion to strike all three of the defendants' special defenses. On may 22, 1995, the defendants filed an opposition to the plaintiff's motion to strike.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of [the pleadings] . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the [pleading]. The court must construe the facts in the [pleading] most favorably to the [non-moving party]. . . . A motion to strike is properly granted if the [pleading] alleges mere conclusions of CT Page 12046 law that are unsupported by the facts alleged." (Internal quotation marks omitted.) Novametrix Medical Systems, Inc. v. BOC Group,Inc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992). When considering a motion to strike the trial court must take "the facts alleged in the [pleading] and construe them in a manner most favorable to the pleader. If facts provable under the allegations would support a defense or a cause of action, the motion to strike must be denied."RK Construction, Inc. v. Fusco Corp., 231 Conn. 381, 384,650 A.2d 153 (1994). "This includes the facts necessarily implied and fairly provable under the allegations. It does not include, however, the legal conclusions or opinions stated in the [pleading]." (Internal quotation marks omitted.) Forbes v. Ballaro,31 Conn. App. 235, 239, 624 A.2d 389 (1993). "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Grant v. Bassman, 221 Conn. 465,472-73, 604 A.2d 814 (1992).
Foreclosure is an equitable proceeding; Reynolds v. Ramos,188 Conn. 316, 320, 449 A.2d 182 (1982); and the traditional defenses that are available in a foreclosure action are payment, discharge, release, satisfaction or invalidity of a lien. See Peterson v.Weinstock, 106 Conn. 436, 441, 138 A.2d 433 (1927); Hans J. Levi,Inc. v. Kovacs, 5 Conn. L. Rptr. 260, 261 (November 14, 1991, Pickett, J.). Recognizing that a foreclosure action is an equitable proceeding, Connecticut courts have recognized the following additional defenses: unconscionability of interest rate,Hamm v. Taylor, 180 Conn. 491, 495, 429 A.2d 946 (1980); non-fulfillment of obligations, Hartford National Bank Trust Co. v.Bowers, 3 Conn. App. 656, 659-60, 491 A.2d 431
(1985)(counterclaim); duress and coercion and material alteration,Second New Haven Bank v. Quinn, 1 Conn. App. 78, 79, 467 A.2d 1252
(1983); and abandonment of security, Glotzer v. Keyes, 125 Conn. 227,232, 5 A.2d 1 (1939). "Mortgages have been exempted from usury statutes, leaving relief from the consequences of usury in foreclosure actions to the equity powers of the court." Maresca v.DeMatteo, 6 Conn. App. 691, 695, 506 A.2d 1096 (1986).
More recently, courts have also allowed several additional defenses to a be raised in a foreclosure action: mistake, accident, unclean hands, breach of the implied covenant of good faith and fair dealing, equitable estoppel, laches, CUTPA, and refusal to agree to a favorable sale to a third party. See generally NationalMortgage Co. v. McMahon, Superior Court, Judicial District of New Haven at New Haven, Docket No. 349246 (February 18, 1994, Celotto, CT Page 12047 J.); Citicorp Mortgage, Inc. v. Kerzner, Superior Court, Judicial District of Ansonia/Milford at Milford, Docket No. 036379 (January 15, 1993, Curran, J.); Milford Bank v. Barbieri, Superior Court, Judicial District of Ansonia/Milford at Milford, Docket No. 043315 (August 30, 1994, Curran, J.).
It is important to bear in mind that "since foreclosure is an equitable proceeding the court may consider, aside from these specifically enumerated defenses, all relevant circumstances to ensure that complete justice is done." Shawmut Bank v. CarriageHill Estates, Inc., Superior Court, Judicial District of Waterbury at Waterbury, Docket No. 116593 (June 10, 1994, West, J.); see alsoReynolds v. Ramos, 188 Conn. 316, 320, 449 A.2d 182 (1982). "The determination of what equity requires in a particular case is a matter for the discretion of the court." Federal National Mortgagev. Wang, Superior Court, Judicial District of Ansonia/Milford at Milford, Docket No. 045363 (January 23, 1995, Curran, S.T.R.). Specifically, this court "may grant relief to a mortgagor who can prove equitable circumstances require withholding a foreclosure or a reduction in the stated indebtedness." (Internal quotation marks omitted.) Provident Financial Service v. Berkman, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 135310 (February 17, 1995, D'Andrea, J.)
This court has, however, previously held that since the plaintiff's complaint alleges that the defendants executed a mortgage in favor of the plaintiff and the defendants subsequently defaulted upon that mortgage, the defendants' special defenses must address the making, validity, or enforcement of the mortgage being foreclosed. Federal National Mortgage v. Wang, Superior Court, Judicial District of Ansonia/Milford at Milford, Docket No. 045363 (January 23, 1995, Curran, S.T.R.); Bank of New Haven v. Liner,
Superior Court, Judicial District of Ansonia/Milford at Milford, Docket No. 034516 (April 2, 1993, Curran, J.). This is so because "[w]hile courts have recognized equitable defenses in foreclosure actions, they have generally only been considered proper when they `attack the making, validity or enforcement of the lien, rather than some act or procedure of the lienholder.'" (Emphasis added.)Dime Savings Bank v. Albir, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 132582 (February 7, 1995, D'Andrea, J.), quoting Lawall Realty, Ltd. v. Auwood, Superior Court, Judicial District of New London at New London, Docket No. 527050 (March 1, 1994, Leuba, J.). Other courts have held that defenses to foreclosure are recognized when they attack the note itself rather than some behavior of the mortgagee. See ProvidentCT Page 12048Financial Service v. Berkman, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 135310 (February 17, 1995, D'Andrea, J.).
A. First Special Defense
In their first special defense[1] the defendants allege that it would be "inequitable" to allow the plaintiff to foreclose on the defendants' property. The court may "grant relief to a mortgagor who can prove that equitable circumstances require withholding foreclosure or a reduction in the stated indebtedness." (Internal quotation marks omitted.) Provident Financial Service v.Berkman, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 135310 (February 17, 1995, D'Andrea, J.);Shawmut Bank v. Carriage Hill Estates, Inc., Superior Court, Judicial District of Waterbury at Waterbury, Docket No. 116593 (June 10, 1994, West, J.).
Apparently, the defendants are pleading the doctrine of "unclean hands" in their first special defense. (Defendants' Memorandum in Opposition, pp. 8-9). "Application of the doctrine of unclean hands rests with the sound discretion of the trial court." A B Auto Salvage, Inc. v. Zoning Board of Appeals,189 Conn. 573, 578, 456 A.2d 1187 (1983). "In order to invoke the doctrine of unclean hands there must be wilful misconduct on the part of the party against whom the doctrine is being invoked."Milford Bank v. Barbieri, Superior Court, Judicial District of Ansonia/Milford at Milford, Docket No. 043315 (August 30, 1994, Curran, J.).
While the doctrine of unclean hands has been recognized as a special defense in foreclosure actions; Milford Bank v. Barbieri,
Superior Court, Judicial District of Ansonia/Milford at Milford, Docket No. 043315 (August 30, 1994, Curran, J.); no court has recognized a duty to inquire into a borrower's ability to repay, even if the lender was a commercial bank. Dime Savings Bank v.Albir, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 132582 (February 7, 1995, D'Andrea, J.); Donzav. Depamphilis, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 172776 (April 7, 1994, Aurigemma, J.); Connecticut National Bank v. Anderson, 5 Conn. L. Rptr. 60
(November 4, 1991 Pickett, J.). "Under Connecticut law there is no duty that a lender investigate the financial status of a borrower. . . . The law assumes the lender will act to protect itself against a bad loan. Certainly, the borrower has no claim when the lender CT Page 12049 relies upon the borrower's representations and does not independently verify them." Cooper v. Burby, 7 CSCR 591, 593 (April 29, 1992, Satter, S.T.R.); see also Dime Savings Bank v. Albir,
Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 132582 (February 7, 1995, D'Andrea, J.). Likewise, a borrower also has no claim when the lender relies on the borrower's representations to indicate that the borrower is capable of repaying the mortgage, and later the borrower's situation changes.
Furthermore, the defendants allegations of "unclean hands," relating to the plaintiff bank deciding to give the loan based on the defendants' ability to repay, does not address the making, validity, or the plaintiff's right to enforce the lien; it addresses a behavior or practice of the mortgagee bank and not the note itself. That is, the alleged wrongful conduct merely addresses the plaintiff's business judgment when the plaintiff bank was considering whether to approve the mortgage loan for the defendants. See National Mortgage Co. v. McMahon, 9 CSCR 300, 301
(February 18, 1994, Celotto, J.). Hence, the allegations of "unclean hands" are addressing factors outside of the note or mortgage — the plaintiff's business judgment or practice.
This same reasoning would apply if the defendants were alleging a breach of the implied covenant of good faith and fair dealing regarding the plaintiff's consideration of the nature of the defendant's income and ability repay the mortgage. Therefore, the plaintiff's motion to strike the defendants' first special defense is granted.
B. Second Special Defense
The second special defense incorporates the same allegations of the first special defense and claims that the plaintiff is "estopped from proceeding to foreclose." Estoppel has been recognized as a valid defense to a foreclosure action. LawallRealty, Ltd. v. Auwood, Superior Court, Judicial District of New London at New London, Docket No. 527050 (March 1, 1994, Leuba, J.).
The defendants' second special defense of estoppel fails for the same reasons set forth above regarding the defendant's first special defense. Therefore, the defendants's second special defense is ordered stricken.
C. Third Special Defense
CT Page 12050
The third special defense incorporates the same allegations of the first special defense and claims that the plaintiff has breached the implied covenant of good faith and fair dealing "by commencing this foreclosure." Connecticut recognizes the doctrine of good faith and fair dealing in the performance or enforcement of contractual obligations. Magnan v. Anaconda Industries, Inc.,193 Conn. 538, 567, 479 A.2d 781 (1984); Warner v. Konover, 210 Conn. 150,154, 553 A.2d 1138 (1989). This court has previously held that the breach of the duty of good faith and fair dealing is based upon common law principles and is a valid defense to a foreclosure action. Citicorp Mortgage, Inc. v. Kerzner, Superior Court, Judicial District of Ansonia/Milford at Milford, Docket No. 036379 (January 15, 1993, Curran, J.); see also Sorillo v. Shotner,2 CSCR 1095 (October 1, 1987, Leuba, J.); Essex Savings Bank v.Firmberger, Superior Court, Judicial District of New London at New London, Docket No. 512191 (May 1, 1991, Leuba, J.).
It is not a breach of the implied covenant of good faith and fair dealing, nor is it unconscionable, for a plaintiff to insist upon a legal or equitable remedy by resorting to the judicial process. See Home Savings of America v. Santilli, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 130634 (March 2, 1995, D'Andrea, J.) ("[N]o court has recognized a defense that it is unconscionable for a plaintiff to avail himself of judicial remedies."). In addition, the defendants' defense does not address the making, validity or enforcement of the note and mortgage; rather, it addresses the plaintiffs business judgment or practice in availing itself of the judicial process.
In the absence of a restructure agreement in the loan documents, a failure by the defendant to attempt to negotiate or restructure the terms of the loan after default, and then seeking foreclosure, does not constitute a breach of the implied covenant of good faith and fair dealing. See Provident Financial Service v.Berkman, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 135310 (February 17, 1995, D'Andrea, J.);Connecticut National Bank v. Montanari, 9 CSCR 196, 197 (January 26, 1994, Aurigemma, J.); Dime Savings Bank v. Albir, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 132582 (February 7, 1995, D'Andrea, J.) The rationale behind this is that the failure to restructure the loan following a default does not address the making or validity of the mortgage, and does not alter the plaintiff's right to foreclose against the defendants. Provident Financial Service v. Berkman, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket CT Page 12051 No. 135310 (February 17, 1995, D'Andrea, J.); People's Bank v.Guttman, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 306692 (February 28, 1995, Hauser, J.). Accordingly, the defendants' third special defense is stricken.
The Court
By Curran, J.