[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On May 17, 1994, the plaintiff, the Commissioner of Housing (commissioner), filed an action, pursuant to General Statutes §8-280, against the defendants, Leonard and Helen Braindky. In this action, the commissioner seeks to recover the costs of relocating tenants who used to reside at property owned by the defendants at 1771-79 Main Street, Bridgeport.
The complaint alleges the following facts. On January 24, 1985, the Bridgeport Board of Condemnation declared that the property was a menace to public safety. The Bridgeport Board ordered that the defendants make certain repairs to the building. In a letter dated January 31, 1985, the defendant stated that he intended to demolish the building after the tenants had left. Pursuant to a court order, the City of Bridgeport provided the tenants with income and assistance under the Uniform Relocation Assistance Act, General Statutes § 8-266 et seq. As of November 15, 1985, the costs to the City of Bridgeport totalled $39,969.77. Pursuant to General Statutes § 8-280, the City of Bridgeport "assigned a lien and the underlying debt" to the commissioner. (Complaint, paragraph 9.) The commissioner is attempting to collect the debt.
On March 31, 1995, the defendants filed an answer and a special defense in five paragraphs.[1] The special defense alleges that the "debt and attempt to collect on same is illegal. . . ." The basis for this allegation is the defendants did not receive notice, at various times, during the process when the lien was placed on their property. CT Page 12556-R
On April 18, 1995, the defendants filed a claim to the jury list.
On July 15, 1995, the commissioner filed a motion to strike the special defense on the ground that: (1) the invalidity of a securing lien may not be pleaded as a special defense to an action that is limited to the collection of a debt; or (2) the legality of a debt owed to the government may not be challenged in action to collect that debt when the debtor had other opportunities to contest the debt. The commissioner filed a memorandum in support of its motion. The defendants filed a memorandum in opposition, which is dated July 24, 1995.
On July 20, 1995, the commissioner filed a motion to strike from the jury list. The motion to strike from the jury list sets forth three grounds: (1) timeliness, (2) the doctrine of sovereign immunity bars the claim to the jury list, and (3) an action in general assumpsit by the government was not triable to the jury prior to 1818. The commissioner also filed a memorandum in support of its motion to strike from the jury list. On August 4, 1995, the defendants filed a memorandum in opposition. On August 8, 1995, the commissioner filed a reply memorandum.
A. Motion to strike special defense
"`Whenever any party wishes to contest . . . (5) the legal sufficiency of any answer to any complaint, counterclaim or cross complaint, or any part of that answer including any special defense contained therein, that party may do so by filing a motion to strike the contested pleading or part thereof.'" Bouchard v.People's Bank, 219 Conn. 465, 468 n. 3, 594 A.2d 1 (1991), quoting Practice Book § 152. "The allegations of the pleading are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." Mingachos v. CBS Inc., 196 Conn. 91,108-09, 491 A.2d 368 (1985).
In its motion to strike and memorandum of law, the commissioner presents two reasons for granting its motion. In the defendants' memorandum in opposition, the defendant presents three arguments — one procedural and two substantive responses to the commission's arguments. Procedurally, the defendants argue that the motion to strike is flawed because the plaintiff has moved to CT Page 12556-S strike the portion of the special defenses dealing with the lien only. Citing Practice Book § 158 and Kinsosh v. Stephen Chevrolet,Inc. Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 506307 (February 10, 1993, Dunn, J.), the defendants argue that the motion to strike must attack an entire defense.
In response to the defendants' procedural claim the court finds that this argument is misplaced. The defendants allege five separate special defenses. See footnote 1, supra. The commissioner may file a motion to strike only one of those special defenses. The court will therefore consider the two grounds in the motion to strike
1. Motion to strike based on whether the commissioner may enforcea debt, regardless of the legality of the securing lien.
The commissioner argues that any defects in the lien securing the debt do not affect whether the debt is enforceable. The commissioner cites Connecticut Bank Trust Co. v. Benedetto,2 Conn. L. Rptr. 517 (September 17, 1990, Thim, J.) for this proposition. The commissioner also argues that the present case is analogous to mortgage foreclosure cases in which a lender may foreclose the mortgage or collect on the promissory note. The commissioner cites People's Bank v. Bilmore Building Corp. ,28 Conn. App. 809, 816-17, 614 A.2d 456 (1992) and Hartford NationalBank Trust Co. v. Bowers, 3 Conn. App. 656, 491 A.2d 431, cert. denied, 196 Conn. 810, 494 A.2d 906 (1985) as illustrations of where a lender could proceed under one alternative. The commissioner contends that because the present case concerns the debt, not the lien, the special defense, which alleges the lien is defective, is improper.
In response to the plaintiff's first argument, the defendants respond that the special defense is valid because the cause of action, brought under General Statutes § 8-280, is predicated on the placement of a lien on the property.
 The commissioner of housing shall not provide a grant-in-aid pursuant to subsection (a) of this section to any town, city or borough for the cost of carrying out a program of relocation assistance for persons displaced as the direct result of code enforcement activities undertaken by a town, city or borough, unless such town, city or borough (1) places, pursuant to section 8-270, a lien on all real property in such CT Page 12556-T town, city or borough, which is owned by the landlord of the persons who are displaced by such code enforcement activities, and (2) assigns to the state the claim of the town, city or borough against such landlord for the costs of carrying out such program of relocation assistance. The attorney general shall be responsible for collecting such claim and may carry out such responsibility by (A) enforcing any such lien assigned to the state by the town, city or borough, (B) placing and enforcing a lien on any other real property owned by the landlord in the state or (C) instituting civil proceedings in the superior court against such landlord.
(Emphasis added) General Statutes § 8-280 (b).
The Uniform Relocation Assistance Act imposes duties on, and grants rights to, the property owner, the municipality, and the state. The owner of property is required, under certain circumstances, to pay relocation expenses under the Uniform Relocation Assistance Act. See General Statutes § 8-270, 8-270a. The city of Bridgeport, to qualify for state assistance, must place a lien on the property and assign its claim to the state. The state's right, however, to seek reimbursement from the landlord is independent from the city's requirement of placing a lien on the property The lien facilitates the state's ability to seek reimbursement from the property owner
The commissioner has three options under General Statutes §8-280 (b). General Statutes § 8-280 (b) expressly provides for a civil action, other than an action to foreclose the lien on the property. The commissioner has chosen to proceed under one cause of action, to collect the debt, and not under another possible cause of action, to foreclose the lien. See Hartford National Bank TrustCo. v. Bowers, supra, 3 Conn. App. 660-61 (holding that despite infirmities in a mortgage lien that prevent foreclosure, a creditor may collect a debt.)
The special defense concerns the lien; the complaint is an action on the debt. The motion to strike the first special defense on the ground that this special defense does not defeat the commissioner's cause of action is granted. See Practice Book § 164. Based on this ruling it is not necessary for the court to consider the commissioner's second ground to strike the defendants special defense.
B. Motion to strike from jury list
CT Page 12556-U
The commissioner offers three reasons for granting its motion to strike the case from the jury list: (1) the motion was not timely filed; (2) sovereign immunity bars a jury trial; and (3) a jury trial is not recognized for this type of action. These grounds are considered below:
The court will first consider the motion to strike from the trial list based on lack of timeliness General Statutes § 52-215
sets forth when a claim to a jury list may be made. "We have stated that General Statutes 52-215 provides two periods of time within which an issue proper for trial by jury may be entered in the jury docket. One is within thirty days after the return day. The other is contained in the provision which reads, in part, as follows: `When . . . an issue of fact is joined, the case may, within ten days after such issue of fact is joined, be entered in the docket as a jury case upon the request of either party made to the clerk. . . .'" (Internal quotation marks omitted.) Home OilCo. v. Todd, 195 Conn. 333, 339, 487 A.2d 1095 (1985). In this case, the issue is whether the claim to the jury list was filed within ten days of when an issue of fact is joined.
"To ascertain whether the defendant's claim for a jury trial was timely, we must determine when the ten day period began to run, that is, `[w]hen . . . an issue of fact [was] joined.' General Statutes 52-215. We have said in this context that [t]he word `when' has been construed to mean `whenever.' . . . We also have recognized that the issue of fact must be formed by the pleadings in writing. . . . Accordingly, we examine both the pleadings of the parties and the time frame within which they had been filed in the court below." (Citations omitted; internal quotation marks omitted.) Id., 339-40.
The issues of fact are not joined yet. The defendant has filed five special defenses to which the commissioner has moved to strike the first special defense. The other four special defenses raise issues of fact. The commissioner must file a reply to those remaining special defenses. See Practice Book § 112. The claim to the jury list is premature.
"[A] premature jury trial request remain[s] in the files until an issue [of fact is] joined." (Internal quotation marks omitted.) Id., 343. See also Gardella v. Dwan, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 113221 (July 12, 1994, Lewis, J.) The court therefore denies the motion to CT Page 12556-V strike from the jury list because the pleadings are not closed.
LAWRENCE L. HAUSER, JUDGE