[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#131)
On August 11, 1994, the plaintiff commenced this foreclosure action against the defendant, Joseph T. Furey, to foreclose on property known as 157 1/2 Kings Highway, Unit #3D, Milford, Connecticut. On October 4, 1995, the defendant Furey filed an amended answer and special defense, along with a two count counterclaim. The special defense alleges that the plaintiff refused to enter into a "workout agreement" with the defendant after the plaintiff induced the defendant to provide personal financial information. The special defense also alleges that the defendant relied to his detriment on the offer by the plaintiff to CT Page 3248 enter into a "workout agreement." The first count of the counterclaim alleges a breach of the implied covenant of good faith and fair dealing. The second count of the counterclaim alleges a violation of CUTPA, General Statutes § 42a-110a et seq., and essentially alleges the same facts as in the special defense.
On January 18, 1996, the plaintiff filed a motion to strike the special defense and counterclaim of the defendant. On January 31, 1996, the defendant Furey filed a memorandum of law in opposition to the motion to strike. On February 5, 1996, the plaintiff filed a reply memorandum of law in support of its motion to strike. The defendant filed a sur-reply on February 9, 1996.
Foreclosure is an equitable proceeding; Reynolds v. Ramos,188 Conn. 316, 320, 449 A.2d 182 (1982); and the traditional defenses that are available in a foreclosure action are payment, discharge, release, satisfaction or invalidity of a lien. SeePetterson v. Weinstock, 106 Conn. 436, 441, 138 A.2d 433 (1927). In addition, if a "mortgagor is prevented by accident, mistake or fraud, from fulfilling a condition of the mortgage, foreclosure cannot be had." Petterson v. Weinstock, supra, 442. Additional defenses include duress, coercion and material alteration; SecondNew Haven Bank v. Quinn, 1 Conn. App. 78, 79, 467 A.2d 1252
(1983); abandonment of security; Glotzer v. Keyes, 125 Conn. 227,232, 5 A.2d 1 (1939); and non-fulfillment of obligations, such as a failure to provide promised consideration; Hartford NationalBank Trust Co. v. Bowers, 3 Conn. App. 656, 659-60,491 A.2d 431 (1985) (counterclaim).
More recently, courts have also allowed several additional defenses to a be raised in a foreclosure action: fraud, equitable estoppel, laches, CUTPA, refusal to agree to a favorable sale to a third party, and unclean hands. See generally National MortgageCo. v. McMahon, Superior Court, judicial district of New Haven at New Haven, Docket No. 349246 (February 18, 1994, Celotto, J.);Citicorp Mortgage, Inc. v. Kerzner, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 036379 (January 15, 1993, Curran, J.); Milford Bank v. Barbieri,
Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 043315 (August 30, 1994, Curran, J.).
"While courts have recognized equitable defenses in foreclosure actions, they have generally only been considered proper when they `attack the making, validity or enforcement of CT Page 3249 the lien, rather than some act or procedure of the lienholder. . . . The rationale behind this is that counterclaims and special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assertany connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action.," (Emphasis added.) Dime Savings Bank v.Albir, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 132582 (February 7, 1995, D'Andrea, J.), quoting Lawall Realty, Ltd. v. Auwood, Superior Court, judicial district of New London at New London, Docket No. 527050 (March 1, 1994, Leuba, J.); see also Federal National Mortgage v. Wang,
Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 045363 (January 23, 1995, Curran, S.T.R.)(same). Courts have held that defenses to foreclosure are recognized when they attack the note itself rather than some behavior of the mortgagee. See Provident Financial Service v. Berkman, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 135310 (February 17, 1995, D'Andrea, J.).
In the absence of a restructure agreement in the loan documents, a failure by the plaintiff to attempt to negotiate or restructure the terms of the loan after default, and then seeking foreclosure, does not implicate the making, validity or enforcement of the note or mortgage. See Provident Financial Service v.Berkman, Supra; Connecticut National Bank v. Montanari, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 517808, 9 CSCR 196, 197 (January 26, 1994, Aurigemma, J.); Dime Savings Bank v. Albir, Supra. The rationale behind this is that the failure to restructure the loan following a default does not address the making or validity of the mortgage, and does not alter the plaintiff's right to foreclose against the defendants. Provident Financial Service v. Berkman, Supra;People's Bank v. Guttman, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 306692 (February 28, 1995, Hauser, J.).
Here, the defendant's special defense and counterclaim are alleging facts that fail to assert any connection with this foreclosure action because the claims fail to attack the making, validity or enforcement of the note or mortgage. The defendant's allegations may show that he has claims against the plaintiff, but those claims only attack the business judgment of the plaintiff. In addition, as to the first count of the counterclaim (alleging a breach of the implied covenant of good faith and fair dealing), the CT Page 3250 defendant has not complied with Practice Book § 108; the defendant has not alleged "a plain and concise statement of the material facts on which the pleader relies." The defendant has merely alleged a bare legal conclusion. Assuming that the facts in the first count of the counterclaim are the same as in the special defense and second count of the counterclaim, the first count also fails to attack the making, validity or enforcement of the note or mortgage.
For the reasons set forth above, the motion to strike is granted as to the defendant's special defense and counterclaim.
CURRAN, J.