[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONON PLAINTIFF'S MOTIONS TO STRIKESPECIAL DEFENSES (#112) AND TO SEVER COUNTERCLAIM (#113)
The Plaintiff City of Middletown has brought this action to foreclose upon certain real estate of the Defendant 180 Johnson Road, Inc. for unpaid real estate taxes and unpaid sewer and water taxes, together with interest, fees and charges thereon. The subject real estate taxes were assessed on the Grand Lists of October 1, 1990 through October 1, 1996, inclusive. The subject sewer and water taxes claimed unpaid cover periods from May 1, 1993 through May 1, 1996, inclusive. The real estate taxes assessed on the Grand Lists of October 1, 1990 through October 1, 1994, inclusive, alone total $111,871.33.
The Defendant has filed an answer admitting "that it has not paid any of the amounts set forth in Plaintiff's Complaint." However, the Defendant has filed two special defenses and a counterclaim. The First Special Defense claims that by reason of certain alleged conduct, the Plaintiff "is equitably barred by the doctrine of unclean hands from obtaining a foreclosure of the subject property." The Second Special Defense claims that the Defendant is entitled to a setoff or recoupment against its tax debt for sums found due and owing to it under its counterclaims.
The Counterclaim is in seven counts. Count One claims a "tortious interference with business expectancies" by reason of certain alleged conduct of the Plaintiff concerning potential tenants and purchasers of the property. The remaining six counts concern Plaintiff's operation of the Middletown Municipal Landfill adjacent to the subject property. These counts purport to allege causes of action of violation of General Statutes §22a-452, negligence, negligence per se, trespass, negligent nuisance and absolute nuisance.
The Plaintiff has moved to strike the special defenses on the CT Page 571 ground that these defenses of unclean hands and set off/recoupment neither arise out of the transaction which is the subject of its complaint, nor are permissible defenses to a tax foreclosure.[1]
On similar grounds, the Plaintiff has separately moved to sever the counterclaims. Both parties have filed the requisite memoranda of law.
A motion to strike is the proper vehicle to contest the legal sufficiency of the allegations of any complaint, counterclaim or cross-complaint, or of any prayer for relief therein. Practice Book § 152. A motion to strike admits all well pleaded allegations and those facts necessarily implied therefrom. Amodiov. Cunningham, 182 Conn. 80, 82-83 (1980). "If the facts provable under the allegations would support a defense or cause of action, the motion to strike must fail." Ferryman v. Groton,212 Conn. 138, 142 (1989). Only the grounds specified in the motion may be considered. Meredith v. Police Commission, 182 Conn. 138, 140
(1980). Mere conclusions of law, absent supporting factual allegations, are insufficient. Cavallo v. Derby Savings Bank,188 Conn. 281, 285-86 (1982).
Foreclosures are equitable proceedings. Reynolds v. Ramos,188 Conn. 316, 320 (1982). Relevant equitable defenses may be asserted. The traditional defenses available to a foreclosure defendant are payment, discharge, release, satisfaction or invalidity of a lien. Petterson v. Weinstock, 106 Conn. 436
(1927). Connecticut courts have recognized the following additional defenses in the context of mortgage foreclosures: unconscionability of interest rate, Hamm v. Taylor,180 Conn. 491, 495 (1980); non-fulfillment of obligations, HartfordNational Bank Trust Co. v. Bowers, 3 Conn. App. 656, 659-60
(1985) (counterclaim); duress and coercion and material alteration, Second New Haven Bank v. Quinn, 1 Conn. App. 78, 79
(1983); and abandonment of security, Glotzer v. Keyes,125 Conn. 227, 232 (1939).
Additional defenses allowed to be raised in a foreclosure action include mistake, accident, unclean hands, breach of the implied covenant of good faith and fair dealing, equitable estoppel, laches, CUTPA, and refusal to agree to a favorable sale to a third party. See generally, Connecticut National Bank v.Voog, 233 Conn. 352 (1995); National Mortgage Co. v. McMahon,
Superior Court, judicial district of New Haven at New Haven, Docket No. 349246 (February 18, 1994, Celotto, J.).
Most reported cases discussing equitable defenses in CT Page 572 foreclosures concern mortgage, foreclosures. However, valid defenses to the foreclosure of a municipal tax lien are narrower than the defenses available in a foreclosure of a mortgage. Cityof Stamford v. Fusaro, Superior Court, judicial district of Stamford/Norwalk, Docket No. 130120 (January 30, 1996, Hickey, J.); Town of Seymour v. A.W. Beard Construction Corp.,Superior Court, judicial district of Ansonia/Milford, Docket No. 037602 (November 15, 1995, Curran, J.).
Special Defenses must address the making, validity or enforcement of the lien being foreclosed. See Dime Savings Bankv. Albir, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 132582 (February 7, 1995, D'Andrea, J.). "The rationale behind this is that counterclaims and special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action."Lawall Realty. Ltd. v. Auwood, Superior Court, judicial district of New London at New London, Docket No. 527050 (March 1, 1994, Leuba, J.). Other courts have held that defenses to foreclosure are recognized only when they attack the note itself rather than some behavior of the lienholder. Provident Financial Service v.Berkman, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 135310 (February 17, 1995, D'Andrea, J.). This same reasoning applies to municipal tax or assessment liens. See, Town of Seymour, supra; Town of Stratford v. Siciliano,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV92-0296847 (August 5, 1993, Leheny, J.).
The special defenses of unclean hands and setoff/recoupment are based and dependent on the factual allegations of the counterclaims. A counterclaim must arise out of the transaction which is the subject of the plaintiff's complaint. Practice Book § 116. The transaction test "is a rule designed to permit joinder of closely related claims where such joinder is in the best interests of judicial economy." Wallingford v. Glen ValleyAssociates, Inc., 190 Conn. 158, 161 (1983).
In Wallingford, the plaintiff sought to foreclose sewer and municipal tax liens on the defendant's property. The defendant filed an answer and counterclaim in which it claimed monetary damages and an injunction against the plaintiff because of the alleged unlawful diversion of water onto the subject property. The trial court granted a motion to strike the counterclaim. In CT Page 573 affirming, the Supreme Court noted that the foreclosure of municipal tax liens "involves enforcement of a lien acquired by operation of law [and that the] factual and legal issues raised by the counterclaim clearly do not arise from the foreclosure action." Id.
Such is the case here. The Special Defense, together with the seven counts of the Counterclaim upon which it is predicated, sound in tort, and clearly involve factual and legal issues not arising from or related to the making, validity or enforcement of the subject municipal liens. Both the subject Special Defense and Counterclaim are improper. The Defendant can cite no authority in support of its position. The authority is to the contrary.[2]
However. while the Plaintiff has moved to strike the Special Defense, it has not as yet done so with respect to the Counterclaim, but has only moved to sever the same. The decision to consolidate or sever the trial of different actions is within the sound discretion of the court. Rode v. Adley Express Co.,Inc., 130 Conn. 274, 277 (1943). Factors to consider are the volume and complexity of the issues, the nature of the evidence involved in each action, and pleading issues. Alpha CraneService, Inc. v. Capitol Crane Co., 6 Conn. App. 60, 68-69 (1986) All of these factors are here present, and militate severance. The issues and nature of evidence involved in the counterclaims are both voluminous and complex, and are unrelated to the involved in the foreclosure proceeding.
Plaintiff's motions to strike the Special Defense and to sever the Counterclaim are granted.
DAVID FINEBERG JUDGE OF THE SUPERIOR COURT