A & B Auto Salvage, Inc. *v.* Zoning Board of
Appeals of the Town of East Hartford et al.
(11131)

Speziale, C. J., Healey, Parskey, Shea and Grillo, Js.

Argued January 7—decision released March 22, 1983

*David A. Zipfel,* assistant corporation counsel, for the appellants (defendants).

*Michael E. Grossmann,* for the appellee (plaintiff).

GRILLO, J.   The present appeal challenges the propriety of the judgment rendered by the trial court granting a writ of mandamus.

The material facts are not in dispute.   On May 1, 1977, the plaintiff applied to the defendant zoning board of appeals of the town of East Hartford for a use variance.   The board granted the application on May 28, 1977.   Subsequently, on June 9, 1977, the mayor and the zoning enforcement officer of the town of East Hartford, defendants in the present case, appealed the decision of the board to the Hartford County Court of Common Pleas. Although the plaintiff knew of the pending appeal,[1] it never intervened, and, furthermore, was not named as a party therein, was not made a party thereto, and never received service of process.   By memorandum of decision filed January 11, 1978, the Court of Common Pleas, *Kline, J.,* sustained the appeal, thereby reversing the decision of the zoning board of appeals.

The plaintiff filed the present action with the trial court on April 24, 1978, seeking, inter alia, a writ of mandamus ordering the board to certify its approval of the use variance, and further ordering the defendant clerk of the town of East Hartford

[1] The President of A & B Auto Salvage, Inc. testified that he learned of the appeal by reading a newspaper article.   There was also evidence presented that the plaintiff, through its agent or counsel, met with town officials concerning the appeal and received copies of the appeal papers.

to accept, record and index a certified copy of the variance on the land records. General Statutes § 8-3d.[2] The plaintiff claimed that because it was an indispensable party to the initial appeal and was not joined as a party thereto, the judgment of the Court of Common Pleas deprived the plaintiff of its property without due process of law. Accordingly, it contended that the judgment sustaining the appeal was void, leaving the variance granted by the zoning board of appeals valid and in full force and effect. The defendants contested the relief sought by the plaintiff, contending that mandamus is an improper remedy under the circumstances and asserting several equitable defenses.

On August 1, 1978, the mayor and zoning enforcement officer of the town of East Hartford moved for a new trial in the initial appeal from the variance pursuant to General Statutes § 52-270.[3]   A

---

[2] General Statutes § 8-3d states: "No variance, special permit or special exception granted pursuant to this chapter, chapter 126 or any special act shall be effective until a copy thereof, certified by a zoning commission, planning commission, combined planning and zoning commission or zoning board of appeals, containing a description of the premises to which it relates and specifying the nature of such variance, special permit or special exception, including the zoning bylaw, ordinance or regulation which is varied in its application or to which a special exception is granted, and stating the name of the owner of record, is recorded in the land records of the town in which such premises are located. The town clerk shall index the same in the grantor's index under the name of the then record owner and the record owner shall pay for such recording."

[3] General Statutes § 52-270 (Rev. to 1981) states as follows: "CAUSES FOR WHICH NEW TRIALS MAY BE GRANTED. The superior court may grant a new trial of any cause that may come before it, for mispleading, the discovery of new evidence or want of actual notice of the suit to any defendant or of a reasonable opportunity to appear and defend, when a just defense in whole or part existed, or the want of actual notice to any plaintiff of the entry of a nonsuit for failure to appear at trial or dismissal for failure to prosecute with reasonable diligence, or for other reasonable cause, accord-

motion to implead the plaintiff as a party defendant was also filed. Both motions were granted. Thereafter, the plaintiff moved to dismiss the action, which the trial court, *Kline, J.,* granted by memorandum of decision dated November 9, 1979. The basis of the court's decision was that General Statutes § 52-270, which governs the granting of a new trial, was not intended to protect plaintiffs who through negligence or inattention omit an indispensable party.[4]

By memorandum of decision filed May 8, 1981, the trial court in the present action, *Sidor, J.,* granted the plaintiff a writ of mandamus requiring certification and recording of the use variance. Construing the use variance as in full force and effect notwithstanding the initial appeal, the court concluded that mandamus was the proper remedy under the circumstances and found the defendants' equitable defenses inapplicable. From this judgment the defendants take the present appeal.

The defendants first attack the propriety of the mandamus remedy. " '[T]he issuance of the writ [of mandamus] rests in the discretion of the court, not an arbitrary discretion exercised as a result of caprice but a sound discretion exercised in accordance with recognized principles of law.' *Chesebro* v. *Babcock,* 59 Conn. 213, 217, 22 A. 145 [1890]." *Pape* v. *McKinney,* 170 Conn. 588, 595, 368 A.2d 28 (1976). "It is settled law in this juris-

---

ing to the usual rules in such cases. The judges of the superior court may in addition provide by rule for the granting of new trials upon prompt request in cases where the parties or their counsel have not adequately protected their rights during the original trial of a cause."

[4] From this judgment the mayor and zoning enforcement officer of East Hartford petitioned this court for certification, which we denied.

diction that a writ of mandamus may issue only when three conditions exist: (1) The law imposes a duty—the performance of which is mandatory and not discretionary—on the party against whom the writ is sought; (2) the party applying for the writ has a clear legal right to have the duty performed; (3) there is no other adequate remedy." *Chamber of Commerce of Greater Waterbury, Inc.* v. *Murphy,* 179 Conn. 712, 717, 427 A.2d 866 (1980). The defendant does not contest the existence of the first two conditions, but asserts that pursuant to General Statutes § 52-270 the plaintiff possessed an adequate remedy at law because it lacked "actual notice of a suit . . . or of a reasonable opportunity to appear and defend." We disagree.

"Relief which will preclude mandamus 'must not only be adequate, but it must be specific, that is, . . . adapted to secure the desired result effectively, conveniently, completely and directly upon the very subject matter involved.' *State ex rel. Foote* v. *Bartholomew,* 103 Conn. 607, 618–19, 132 A. 30 (1925)." *Bahramian* v. *Papandrea,* 184 Conn. 1, 4–5, 440 A.2d 777 (1981). In the present case, the plaintiff seeks to enforce by way of mandamus its clear legal right. It does not seek adjudication to determine whether it possesses that right. Therefore the granting of a new trial pursuant to General Statutes § 52-270 would not secure the implementation of that right as effectively, conveniently, completely and directly as would a writ of mandamus. See *Chamber of Commerce of Greater Waterbury, Inc.* v. *Murphy,* supra, 720.

The defendants next assign as error the failure of the trial court to accept the defenses of unclean hands and waiver to bar the relief sought by the

plaintiff. They argue that because the issuance of mandamus is governed by equitable principles; *M & L Homes, Inc.* v. *Zoning & Planning Commission,* 187 Conn. 232, 246, 445 A.2d 591 (1982); the plaintiff's knowledge of the initial appeal and its failure to enter that appeal as a party defendant should preclude an order of mandamus. We find these claims unpersuasive.

Application of the doctrine of unclean hands rests within the sound discretion of the trial court. *DeCecco* v. *Beach,* 174 Conn. 29, 35, 381 A.2d 543 (1977). "The maxim, being founded on public policy, may be relaxed on that ground; this resiliency can be seen not only where parties are not in pari delicto, but in some instances where they have been." *Cohen* v. *Cohen,* 182 Conn. 193, 204, 438 A.2d 55 (1980). The doctrine "generally should not be employed to insulate the party who asserts it from the consequences of his own wrongdoing." Id.

In the present case it is undisputed that the defendants, through design, inattention or negligence, failed to implead the plaintiff as a party defendant in the initial appeal. While the plaintiff, as an indispensable party, possessed the right to intervene, the defendants conceded in argument, as they must, that the plaintiff was under no duty to do so. There is no demonstration on the record before us that the plaintiff engaged in "willful misconduct . . . so as to invoke the equitable maxim as claimed." *DeCecco* v. *Beach,* supra.

Relying on the rationale underlying the application of the clean hands doctrine, to promote public policy and the integrity of the courts; *DeCecco* v. *Beach,* supra; the defendants assert that by its conduct the plaintiff has abused the integrity of

the judicial system. We do not agree. The plaintiff has done nothing more than pursue its legal rights. Irrespective of its knowledge of the initial appeal, the plaintiff was under no duty to enter therein as a party defendant. *Chase National Bank* v. *Norwalk*, 291 U.S. 431, 436–37, 54 S. Ct. 475, 78 L. Ed. 894 (1934) ; see *McGhee* v. *United States*, 437 F.2d 995, 1000 (Ct. Cl. 1971). To impose such a duty "could create shocking situations and disturb long-established principles." *Morris* v. *Gressette*, 425 F. Sup. 331, 335 (D. S. C. 1976), aff'd, 432 U.S. 491, 97 S. Ct. 2411, 53 L. Ed. 2d 506 (1977). "Such an argument, so contrary to fundamental concepts of due process, can be justified neither in reason nor on authority." Id.

Similarly, the plaintiff's conduct does not constitute a waiver of the relief sought in the present case. Waiver is the intentional relinquishment or abandonment of a known right or privilege. *Staton* v. *Warden*, 175 Conn. 328, 334, 398 A.2d 1176 (1978). Even if we assume, arguendo, that the plaintiff waived its right to become a party to the initial appeal, it does not follow that the plaintiff waived its right to a writ of mandamus. Since it was never made a party to the initial appeal; *Shulman* v. *Zoning Board of Appeals*, 143 Conn. 182, 183–84, 120 A.2d 550 (1956); the plaintiff possessed the right to seek acceptance and recordation of the use variance notwithstanding the initial appeal, the judgment in which was not binding upon it. See *Lake Garda Improvement Assn.* v. *Battistoni*, 155 Conn. 287, 294–95, 231 A.2d 276 (1967).

Little need be said relative to the defendants' final claim that the trial court inadequately articulated the factual basis of its decision. Our review

of the memorandum of decision and the trial court's response to the defendants' motion for rectification[5] reveals that the court included all of the relevant and undisputed facts upon which its decision was based. The remaining additions to the record sought by the defendants are either disputed or not material to the issues in this case, and thus the trial court was not required to include them in its memorandum of decision. *Klepp Wood Flooring Corporation* v. *Butterfield,* 176 Conn. 528, 531, 409 A.2d 1017 (1979).

There is no error.

In this opinion the other judges concurred.

---

[5] We note that while the defendants filed a motion for rectification of appeal with the trial court; Practice Book § 3082; "where, as here, a party is dissatisfied with the trial court's response, proper procedure dictates immediate appeal of the rectification memorandum to this court via the motion for review." *Carpenter* v. *Carpenter,* 188 Conn. 736, 739n, 453 A.2d 1151 (1982); see Practice Book § 3108.