[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
The plaintiff, New England Savings Bank, filed a single count complaint for foreclosure against the defendants, High Ridge, Inc., Ian G. Camfield and the Washington Trust Company, alleging that by note dated June 30, 1988, High Ridge, Inc. (hereinafter High Ridge) promised to pay to the order of the plaintiff the principal sum of two million five hundred thousand ($2,500,000) dollars, payable with interest thereon as provided in the note. The complaint alleges that by deed dated June 30, 1988, High Ridge, Inc. mortgaged to the plaintiff a certain parcel of land situated in the Town of Stonington to secure the note. According to the complaint, by virtue of a guaranty executed January 31, 1990, the defendant Camfield CT Page 8558 (hereinafter "Camfield") personally guaranteed payment of the note. The complaint further alleges that the plaintiff owns the note and mortgage, that the defendant High Ridge, Inc., is in default of the payment of its installment of principal and interest and that the plaintiff has demanded the entire balance which is presently due and payable.
On January 14, 1991, the plaintiff's motion for default for failure to disclose a defense was granted as to the defendant, High Ridge, Inc. On February 11, 1991, Camfield filed a disclosure of defense. On July 15, 1991, Camfield filed an answer to the plaintiff's second revised complaint in which Camfield denies that High Ridge, Inc. is in default and that the plaintiff has demanded the amount which is presently due and payable. Camfield also filed the following three special defenses: that the plaintiff breached the terms of the loan modification agreement dated January 31, 1990; that the plaintiff acted willfully, wantonly and maliciously in devising a scheme to obtain the personal guarantee of Camfield; that the plaintiff has committed certain acts in violation of the Connecticut Unfair Trade Practices Act, General Statute Section 42-110a et. seq. Camfield also filed a counterclaim dated July 11, 1991, with similar allegations.
On July 29, 1991, the plaintiff filed a motion for summary judgment with an accompanying memoranda of law. Attached to the motion is the affidavit of Susan A. Malan, Vice President Senior Asset Manager of New England Savings Bank. The motion is taken to be a motion for judgment as to defendant High Ridge, Inc. only since the motion itself reserves to a later point the liability of Camfield. On August 26, 1991, Camfield filed a memorandum of law in opposition to the motion which appears to be a claim relating to both defendants even though High Ridge has been defaulted. The affidavit of the defendant Camfield was also filed on August 26, 1991. A reply to Camfield's special defenses and an answer to Camfield's counterclaim, dated August 26, 1991, is present in the file.
The pleadings are closed, as required by Practice Book Section 379.
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Wilson v. New Haven, 213 Conn. 277, 279 (1989). Summary judgment may also be used with regard to part of a claim. Practice Book Section 386. "Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some CT Page 8559 disputed factual issue." Burns v. Hartford Hospital, 192 Conn. 451,455 (1984). "The test is whether a party would be entitled to a directed verdict on the same facts." Connell v. Colwell,214 Conn. 242, 247 (1990) (citation omitted). Summary judgment may be used in a foreclosure action. See Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772 (1991).
The plaintiff argues in support of the motion for summary judgment that the property in question is owned by the defendant High Ridge, Inc., which has been defaulted for failure to disclose a defense. The plaintiff further argues that the defenses asserted by Camfield relate only to his personal liability on the guaranty and do not relate to the foreclosure itself. Finally, the plaintiff argues that if a judgment of foreclosure is entered and the plaintiff subsequently seeks a deficiency judgment, then the issues of the guaranty and the liability of Camfield could properly be raised. The plaintiff does not appear to seek a judgment against Camfield.
The defendant Camfield presents three arguments in opposition to the motion for summary judgment. These arguments will be addressed separately.
First, Camfield argues that summary judgment may not be granted in this case because the pleadings are not closed between the parties to the motion. Specifically, Camfield asserts that the plaintiff has not answered Camfield's counterclaim dated July 11, 1991. However, an answer to the counterclaim dated August 26, 1991 is present in the file. Therefore, this argument must fail.
Camfield next argues that the plaintiff has unclean hands. According to Camfield, he signed the personal guaranty in return for the execution of a Loan Modification Agreement, modifying the mortgage the plaintiff is suing upon. Camfield argues that the plaintiff is coming to a court of equity seeking foreclosure after breaching the terms of the Loan Modification Agreement.
The clean hands maxim is inapplicable to the present case. While "(a)pplication of the doctrine of unclean hands rests within the sound discretion of the trial court," see A B Auto Salvage, Inc. v. Zoning Board of Appeals, 189 Conn. 573,578 (1983); available defenses to a complaint seeking foreclosure of a mortgage are generally limited to payment, discharge, release, satisfaction or invalidity of a lien. See Petterson v. Weinstock, 106 Conn. 436, 441 (1927); Connecticut Savings Bank v. Reilly, 12 Conn. Sup. 327 (1944). The alleged "unclean hands" of the plaintiff due to the failure to comply with the terms of the loan modification agreement does not fall CT Page 8560 within the purview of any of these recognized defenses.
Camfield's last argument is that since there is a genuine issue of material fact, summary judgment may not be granted. The claimed genuine issue of material fact relates to the plaintiff's breach of the loan modification agreement by failing to release five lots from the mortgage without reduction in the principal amount as set forth in the contract.
Since High Ridge has been defaulted, these issues relate only to the loan modification agreement and Camfield's personal liability on the guaranty. These issues are separate from the foreclosure itself, which involves the default of the defendant High Ridge, on the amount owed to the plaintiff. As previously noted, the defendant High Ridge, the obligor on the note and the owner of the property in question, has been defaulted for failure to disclose a defense to this foreclosure action and no effort has been made to reopen that default to present defenses on behalf of High Ridge.
Practice Book Section 385 provides that "(a) summary judgment, interlocutory in character, may be rendered on the issue of liability alone, although there is a genuine issue as to damages," and section 386 permits summary judgment as part of a claim. The issues involving the loan modification agreement and the liability of Camfield based on the guaranty may be raised in a deficiency judgment hearing pursuant to General Statutes Section 49-14, which provides:
Section 49-14. Deficiency judgment.
 (a) At any time within thirty days after the time limited for redemption has expired, any party to a mortgage foreclosure may file a motion seeking a deficiency judgment. Such motion shall be placed on the short calendar for an evidentiary hearing. Such hearing shall be held not less than fifteen days following the filing of the motion, except as the court may otherwise order. At such hearing the court shall hear the evidence, establish a valuation for the mortgaged property and shall render judgment for the plaintiff for the difference, if any, between such valuation and the plaintiff's claim. The debt, note or obligation, shall recover only the amount of such judgment.
CT Page 8561
The parties have not called the Court's attention to any case where summary judgment has been granted with the provision for a subsequent deficiency judgment hearing to determine the personal liability of the guarantor. However, ". . . the deficiency judgment procedure, although procedurally a part of the foreclosure action, serves the separate function of providing for recovery on the balance of the note which was not satisfied by the strict foreclosure." Maresca v. DeMatteo,6 Conn. App. 691, 696 (1986). The deficiency judgment procedure is generally considered a post-judgment proceeding. See D. Caron, Connecticut Foreclosures (2d ed.) Section 9.05 (1989). In this case, the plaintiff has invited such a procedure.
Based on the foregoing, the plaintiff's motion for summary judgment is granted as to the foreclosure and the interest of High Ridge only. The issues as to the liability of Camfield on the guaranty and the breach of the loan modification agreement, is reserved for and may be properly raised in a deficiency judgment hearing.
LEUBA, J.