[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On or about July 29, 1989, a person insured by the defendant, the Patriot General Insurance Company, was involved in an automobile accident which injured the plaintiff, Sarah Robarge, a minor who is represented through her mother. The plaintiffs brought suit against the defendant's insured, and offered to settle with the defendant insurance company in the amount of $20,000.00, the limit of the insured's policy. After the defendant failed to accept the plaintiffs' offer, the CT Page 10656 plaintiffs renewed their offer, which again expired by lapse of time.
Prior to trial, the defendant insurance company offered its policy limits in settlement of the claim; this offer was expressly rejected by the plaintiffs. The claim went to trial, following which a judgment was entered against defendant's insured in the amount of $149,983.01; of this amount $20,000.00 was paid to the plaintiffs by the defendant insurance company.
The plaintiffs, claiming succession to the insured's claims against the defendant for failure to settle, have brought suit for the $129,983.01 deficiency, arguing, inter alia, that the defendants were negligent in failing to settle the claim and that they failed to act in good faith.
The defendant answered by denying the plaintiffs' allegations and by asserting the special defense of "unclean hands," arguing that the plaintiffs, in denying the defendant's offer of settlement, lack "clean hands."
Before the court is the plaintiffs' motion to strike the defendant's special defense. The plaintiffs argue: 1) that the equitable defense of unclean hands is unavailable in an action at law; 2) that the defendant has failed to set forth facts which would permit the court to assess whether the conduct, if proven, would constitute unclean hands; and 3) that the conduct alleged is not, as a matter of law, a, a defense to a "bad faith" action.
A motion to strike may be used to challenge the legal sufficiency of a special defense. Practice Book 152(5); Krasnow v. Christensen, 40 Conn. Sup. 287, 492 A.2d 850
(1985). In deciding on a motion to strike, a trial court must take the facts to be those alleged in the challenged pleading. Blancato v. Feldspar Corp., 203 Conn. 34, 36, 522 A.2d 1235
(1987), and may not be aided by the assumption of any facts not herein alleged, Fraser v. Henninger, 173 Conn. 52, 60,376 A.2d 406 (1977).
The plaintiffs' first claim is that a bad faith action is an action at law, and therefore is impervious to the equitable defense of unclean hands. However, the Connecticut Supreme Court has held, contrary to the plaintiffs' position, that "it is well-settled that equitable defenses or claims may be raised in an action at law." Randolph Construction Co. v. King East Corp., 165 Conn. 264, 269, 334 A.2d 434 (1973).
In addition, the equitable defense of unclean hands in CT Page 10657 particular may be applied to an action at law. Guiliano v. Bourgoin Insurance Agency Co., 5 CSCR 618, 619 (1990, Hammer, J.); Jesperson v. Ponichtera, 2 Conn. L. Rptr. 105, 106 (1990), Cioffi, J.); Fiorillo v. Murray, 3 CSCR 577, 578
(1988), Burns, J.).
The motion to strike cannot be granted on this ground.
The defendant, in support of its special defense, alleged that it offered to settle its insured's claim with the plaintiff prior to trial, and that the plaintiff in bad faith refused to accept this offer. If facts provable under these allegations would support the special defense of "Unclean hands," then the motion must fail. Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989); Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541,545, 427 A.2d 822 (1980).
The "clean hands" doctrine requires that a plaintiff's own actions be "fair, equitable, and honest as to the particular controversy at issue." Collens v. New Canaan Water Co., 155 Conn. 477, 234 A.2d 825 (1967). The application of the doctrine of clean hands is a matter of law for the court to decided, and the doctrine generally should not be employed to insulate the party who asserts it from the consequences of his own wrongdoing. A B Auto Salvage, Inc. v. Zoning Board of Appeals, 189 Conn. 573, 578-79,456 A.2d 1187 (1983).
The only misconduct alleged by the defendant is that the plaintiff declined to accept the defendant's offer to settle. While this conduct may shed light upon the issue of whether the defendant was reasonable and acted in good faith, an offer, absent certain unique circumstances, imposes no obligation upon either party until accepted by the offeree. Daddona v. Liberty Mobile Home Sales, Inc., 209 Conn. 243,256, 550 A.2d 1061 (1988). Since there was no obligation to accept the defendant's offer, plaintiffs' express rejection, without more, is as a matter of law insufficient to support the defense of "unclean hands."
Although the facts alleged are insufficient as a matter of law to support the defense of unclean hands, it should be noted that these facts may be raised by a general denial of plaintiffs' claims of negligence and bad faith.
Accordingly, the motion to strike is granted.
JOHN F. WALSH, J. CT Page 10658