[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#150)
The plaintiff, Town of Seymour ("Town"), commenced this action on October 15, 1991, to foreclose on property known as Brookdale Road Extension, Seymour, Connecticut. The plaintiff town is seeking to foreclose on the property owned by the defendant A.W. Beard Construction Corporation for unpaid property taxes.
On June 3, 1993, the defendant filed an answer and asserted two special defenses. By request filed November 22, 1994, the plaintiff requested the defendant to revise its special defenses. On December 15, 1994, the defendant objected to the request to revise, and the objection was overruled on January 30, 1995. On May 22, 1995 the defendant filed revised special defenses. The first special defense alleges that the Town is "estopped" from foreclosing because the town refused to allow the defendant to connect the property to the public sewer system. Based upon the same factual allegations of the first special defense, the second special defense alleges that the CT Page 12959 Town cannot seek equitable relief because it has "unclean hands."
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of [the pleadings] . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the [pleading]. The court must construe the facts in the [pleading] most favorably to the [non-moving party]. . . . A motion to strike is properly granted if the [pleading] alleges mere conclusions of law that are unsupported by the facts alleged." (Internal quotation marks omitted.) Novametrix MedicalSystems, Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15,618 A.2d 25 (1992). When considering a motion to strike the trial court must take "the facts alleged in the [pleading] and construe them in a manner most favorable to the pleader. If facts provable under the allegations would support a defense or a cause of action, the motion to strike must be denied." RKConstruction, Inc. v. Fusco Corp., 231 Conn. 381, 384,650 A.2d 153 (1994). "This includes the facts necessarily implied and fairly provable under the allegations. It does not include, however, the legal conclusions or opinions stated in the [pleading]." (Internal quotation marks omitted.) Forbes v.Ballaro, 31 Conn. App. 235, 239, 624 A.2d 389 (1993).
Foreclosure is an equitable proceeding; Reynolds v. Ramos,188 Conn. 316, 320, 449 A.2d 182 (1982); and the traditional defenses that are available in a foreclosure action are payment, discharge, release, satisfaction or invalidity of a lien. SeePeterson v. Weinstock, 106 Conn. 436, 441, 138 A.2d 433 (1927);Hans J. Levi, Inc. v. Kovacs, 5 Conn. L. Rptr. 260, 261 (November 14, 1991, Pickett, J.). Recognizing that a foreclosure action is an equitable proceeding, Connecticut courts have recognized the following additional defenses in the context of mortgage foreclosures: unconscionability of interest rate, Hamm v. Taylor, 180 Conn. 491, 495, 429 A.2d 946 (1980); non-fulfillment of obligations, Hartford National Bank TrustCo. v. Bowers, 3 Conn. App. 656, 659-60, 491 A.2d 431 (1985) (counterclaim); duress and coercion and material alteration,Second New Haven Bank v. Quinn, 1 Conn. App. 78, 79,467 A.2d 1252 (1983); and abandonment of security, Glotzer v. Keyes,125 Conn. 227, 232, 5 A.2d 1 (1939).
More recently, courts have also allowed several additional defenses to a be raised in a foreclosure action: mistake, CT Page 12960 accident, unclean hands, breach of the implied covenant of good faith and fair dealing, equitable estoppel, laches, CUTPA, and refusal to agree to a favorable sale to a third party. See generally National Mortgage Co. v. McMahon, Superior Court, judicial district of New Haven at New Haven, Docket No. 349246 (February 18, 1994, Celotto, J.); Citicorp Mortgage Inc. v.Kerzner, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 036379 (January 15, 1993, Curran, J.);Milford Bank v. Barbieri, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 043315 (August 30, 1994, Curran, J.).
It is important to bear in mind that "since foreclosure is an equitable proceeding the court may consider, aside from these specifically enumerated defenses, all relevant circumstances to ensure that complete justice is done." Shawmut Bank v. CarriageHill Estates, Inc., Superior Court, judicial district of Waterbury at Waterbury, Docket No. 116593 (June 10, 1994, West, J.); see also Reynolds v. Ramos, 188 Conn. 316, 320,449 A.2d 182 (1982). "The determination of what equity requires in a particular case is a matter for the discretion of the court."Federal National Mortgage v. Wang, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 045363 (January 23, 1995, Curran, S.T.R.). Specifically, this court "may grant relief to a mortgagor who can prove equitable circumstances require withholding a foreclosure or a reduction in the stated indebtedness." (Internal quotation marks omitted.)Provident Financial Service v. Berkman, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 135310 (February 17, 1995, D'Andrea, J.).
The defendant's first special defense is legally insufficient in this foreclosure of municipal liens. It is important to note that a portion of Practice Book § 187 reads as follows: "Any claimed informality, irregularity or invalidity in the assessment or attempted collection of the tax, or in the lien filed, shall be a matter of affirmative defense to be alleged and proved by the defendant." These are valid defenses in a foreclosure action based on municipal tax liens.
Furthermore, this court has previously held that a defendant's special defenses must address the making, validity, or enforcement of the lien being foreclosed. Federal NationalMortgage v. Wang, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 045363 (January 23, 1995, CT Page 12961 Curran, S.T.R.); Bank of New Haven v. Liner, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 034516 (April 2, 1993, Curran, J.).
This is so because "[w]hile courts have recognized equitable defenses in foreclosure actions, they have generally only been considered proper when they `attack the making, validity or enforcement of the lien, rather than some act orprocedure of the lienholder. . . . The rationale behind this is that counterclaims and special defenses which are not limited to the making, validity or enforcement of the note or mortgage failto assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action.'" (Emphasis added.) DimeSavings Bank v. Albir, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 132582 (February 7, 1995, D'Andrea, J.), quoting Lawall Realty, Ltd. v. Auwood,
Superior Court, judicial district of New London at New London, Docket No. 527050 (March 1, 1994, Leuba, J.). Other courts have held that defenses to foreclosure are recognized when they attack the note itself rather than some behavior of the lienholder. Provident Financial Service v. Berkman, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 135310 (February 17, 1995, D'Andrea, J.). This same reasoning applies to municipal tax or assessment liens.
The valid defenses to the foreclosure of a municipal tax lien, however, are narrower than the defenses available in the foreclosure of a mortgage. See Town of Voluntown v. Rytman,21 Conn. App. 275, 573 A.2d 336 (1990) (finding a claim of wrongful or excessive assessment and a claim that the appraised value was substantially less than the value that the property was being assessed and taxed at were not valid defenses); Town ofFarmington v. Dowling, 26 Conn. App. 545, 549-50, 602 A.2d 1047, cert. granted in part, 221 Conn. 921, 608 A.2d 687
(1992) (finding that a taxpayer must first seek statutory remedies for alleged tax irregularities, and if the taxpayer does not then the taxpayer has waived the right to challenge them by way of special defense).
The defendant's claim that the Town refused to allow it to connect the property to the public sewer system fails to assert any connection with this foreclosure action; the claim is merely attacking an unrelated act of the Town. Furthermore, "[t]he purpose of a special defense is to plead facts that are CT Page 12962 consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Grant v. Bassman, 221 Conn. 465, 472-73, 604 A.2d 814
(1992). The defendant has not plead facts which demonstrate that the plaintiff has no cause of action.
For the foregoing reasons, the defendant's first special defense is ordered stricken.
The defendant's second special defense is legally insufficient. The second special defense is based on the same factual allegations of the first special defense. The second special defense merely alleges a legal conclusion that those same alleged facts show that the plaintiff town cannot seek equitable relief because it has "unclean hands."
"Application of the doctrine of unclean hands rests with the sound discretion of the trial court." A B Auto Salvage,Inc. v. Zoning Board of Appeals, 189 Conn. 573, 578,456 A.2d 1187 (1983). "In order to invoke the doctrine of unclean hands there must be wilful misconduct on the part of the party against whom the doctrine is being invoked." Milford Bank v. Barbieri,
Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 043315 (August 30, 1994, Curran, J.).
The second special defense, however, fails for the same reasons set forth above for the first special defense. Thus, the second special defense is ordered stricken.
The Court Curran, J.