[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
This is an action to foreclose a mortgage, in which the defendants have moved for summary judgment. The following facts are not in dispute for purposes of deciding this motion.
On or about October 3, 1989, the defendants executed a note promising to repay to the Greenwich Trust Co., the sum of $450,000 plus interest. To secure repayment of the note, the defendant Sound Beach Associates mortgaged certain property in Greenwich, Connecticut, to the Greenwich Trust Co. Thereafter, the Federal Deposit Insurance Corporation was appointed Receiver of the Greenwich Trust Company, and the note and mortgage deed were assigned by the FDIC to the plaintiff, Wilshire Credit Corporation, in or about March, 1994.
By a letter, dated July 29, 1994, Wilshire notified the defendants that they were in default under the note, and demanded that the defendants pay Wilshire the sum of $443,354.15 on or before August 29, 1994. The defendants failed to pay this sum, and Wilshire commenced this foreclosure action against the defendants by a complaint dated February 21, 1995. Further facts concerning the terms of the note, mortgage deed and demand letter will be discussed as necessary herein.
On or about May 20, 1996 the defendants moved for summary judgment, claiming that "the plaintiff has failed to provide a sufficient notice letter, which is a condition precedent of initiating a foreclosure action." The defendants filed a supplemental memorandum of law in support of their motion, dated June 11, 1996. The plaintiff filed an objection to motion for summary judgment and supporting papers, dated July 26, 1996. The motion and objection were heard by the court at the short calendar on December 2, 1996. CT Page 7024
A motion for summary judgment is "designed to eliminate delay and expenses of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279 (1989). Summary judgment is appropriate when "the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law". Suarez v. Dickmont PlasticsCorporation, 229 Conn. 99, 105 (1994). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the non-moving party. The test is whether a party would be entitled to a directed verdict on the same facts." Suarez at 105, 106.
The central issue to be decided revolves around the meaning and application of paragraph 18 of the Mortgage Deed. Said paragraph provides in pertinent part as follows:
 "18. Acceleration; Remedies . . . . [U]pon Borrower's breach of any covenant or agreement of Borrower in this Mortgage, including the covenants to pay when due any sums secured by this Mortgage, Lender prior to acceleration shall mail notice to borrower as provided in paragraph 14 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, no less than 30 days from the date the notice is mailed to Borrower by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Mortgage and foreclosure or sale of the property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in court the non existence of a default or any other defense of Borrower to acceleration and foreclosure or sale. If the breach is not cured on or before the date specified in the notice, Lender at Lender's option may declare all of the sums secured by this Mortgage to be immediately due and payable without further demand and may invoke any of the remedies permitted by applicable law. . . ."
Our Appellate Court stated recently in Citicorp Mortgage Inc.v. Porto, 41 Conn. App. 598 (1996), that:
 "Notices of default and acceleration are controlled by the mortgage documents. Construction of a mortgage deed CT Page 7025 "is governed by the same rules of interpretation that apply to written instruments or contracts generally, and to deeds particularly. The primary rule of construction is to ascertain the intention of the parties. This is done not only from the face of the instrument, but also from the situation of the parties and the nature and object of their transactions." 55 Am.Jur.2d § 175 (1971). A promissory note and a mortgage deed are deemed parts of one transaction and must be construed together as such. 55 Am.Jur.2d § 176 (1971).
 "Applying these principles, we hold that under the terms of the note and the mortgage deed proper notice of default is a mandatory condition precedent to an action for foreclosure." (Emphasis added) Citicorp Mortgage, 41 Conn. App. at 602-603.
The issue to be decided upon this motion for summary judgment, then, is whether the plaintiff's notice of July 29, 1994 properly complied with the acceleration provision of paragraph 18 of the Mortgage Deed. If not, then the defendants are entitled to a summary judgment.
The defendants substantially state that the notice was legally insufficient, in that it did not state what action was required to cure the breach, but instead demanded payment in full of the note. The defendants posit that while the notice stated that the arrearage on the loan was $57,631.92, the notice also demanded full payment of the debt in the sum of $443,354.15. The plaintiffs argue that the defendants' motion for summary judgment should be denied as a matter of law, because the notice was not deficient. The plaintiffs claim, essentially, that the notice correctly informed the defendants that the breach could be cured only by paying the full amount of the mortgage debt. The plaintiffs state that the promissory note allowed the holder (here, Wilshire) to require payment of the entire loan balance if the borrower did not make a payment when it was due. The plaintiffs' reasoning continues that since there was a debt arrearage, it was stated for informational purposes only and that the full balance was due. The plaintiffs maintain that the notice referred to acceleration provisions solely because paragraph 18 of the Mortgage Deed required it.
This court rejects the reasoning of the plaintiff, and holds that the plaintiffs notice of July 29 was insufficient to satisfy an express condition precedent to foreclosure. Accordingly, CT Page 7026 summary judgment should enter for the defendants.
Generally, "it is well established that the plaintiff is entitled to pursue its remedy at law on the notes, or to pursue its remedy in equity upon the mortgage, or to pursue both" in a foreclosure suit Hartford National Bank Trust v. Kotkin,189 Conn. 579, 581 (1981). Also, "a clause in a mortgage accelerating maturity of the entire indebtedness for nonpayment . . . is solely for the benefit of the mortgagee or his assignee who has the option to enforce it or waive it". Hartford-Connecticut TrustCo. v. Putnam Phalanx, 138 Conn. 695, 701 (1952). However, a mortgage note and deed are part of a single transaction and must be read together. Citicorp Mortgage, Inc. v. Porto, 41 Conn. App. 598,602 (1996).
When the concept of an "integration" of documents is applied to the instant case the result becomes clear. While the note alone may have allowed the holder to demand full payment upon a default, the note must be read in conjunction with the acceleration provisions of paragraph 18 of the mortgage deed. To state otherwise would be to render meaningless said acceleration provision.
The purpose of a "cure" provision in the acceleration clause is, insofar as a money arrearage is concerned, to allow a borrower to pay promptly the arrearage and then resume scheduled payments under the note. In this sense, "cure" is synonymous to "bring current". In order to cure a breach a borrower need not make full payment of all principal and interest due. To so require would be an unreasonable construction of the mortgage documents and would violate the borrower's right to cure the breach and right of reinstatement. See, Web Press Services Corp. v. New London Motors, Inc., 203 Conn. 342, 350 (1987) ("Cure" synonymous to "repair").
Accordingly, it was incumbent upon the plaintiff here to advise the defendants that the means of curing their breach was to pay the arrearage of $57,631.92. Instead, the notice stated that "The arrearage is shown for informational purposes. You [the borrower] owe the full amount shown below [$443,354.15] at this time". To have said so was to be in error and was to misinform the defendants of what action was required to cure their breach. Therefore, the plaintiffs did not satisfy this mandatory condition precedent and the plaintiff's right to foreclose never ripened. CT Page 7027
Perhaps anticipating this result, the plaintiff has advanced several lesser arguments in opposition to the defendant's motion. These include the fact that the defendants failed to raise the substance of their argument in a prior disclosure of defense; that, even had the defendants not defaulted, the remaining balance of the loan would have nonetheless been due in October, 1994, five months before the plaintiff commenced its foreclosure action; and that the demand letter "substantially complied" with the mortgage notice provision and the defendants were not prejudiced. As to the first two ancillary arguments, the plaintiff has cited no authority which would preclude the court from considering the defendant's argument at this time on a motion for summary judgment. As to its final ancillary argument, that of "substantial compliance" and lack of prejudice to the defendants, a similar argument was rejected by Judge Vertefeuille in Fortune Savings Bank v. Thiboedau, 992 Conn. Ct. Casebase 10350 (S. Ct. November 18, 1992) (Vertefeuille, J.), and this court agrees with her reasoning there.
Accordingly, summary judgment may enter on behalf of the defendants.
Dated at Stamford, Connecticut, this 23rd, day of December, 1996.
JOHN F. KAVANEWSKY, JR., JUDGE