[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The following recitation of facts is gleaned from materials presented by the parties and, except where noted, is largely CT Page 13002 undisputed. The plaintiff Andrew J. Simso, III ("Simso") bought a 1981 used Ford pickup truck from Ralph's Auto Sales on or about January 6, 1988, for approximately $4800.00, and the truck broke down 2.1 miles out of the lot. Repercussions are reverberating almost twelve years later. About a month later Simso filed what is apparently his first action regarding the scenario: a complaint to the Motor Vehicle Department ("DMV"). The engine apparently was not one originally sold with the truck, and, among other difficulties, compliance with emission control requirements was thus impossible. Over the years Simso has discovered a number of other discomforting features, including apparent odometer tampering and failure to disclose that the truck had been in a collision. People at the DMV, perhaps in an effort to prove Murphy's Law with geometric precision, lost both the file and the computer record of the file.
In 1991 Simso filed another complaint with the DMV; the action on this complaint forms most of the factual basis for the motion at hand. In the meantime, Simso filed a civil action in Danbury against Ralph's, and he received judgment in the amount of $1,684.75.[1]
The DMV scheduled a hearing on the complaint for November 6, 1991. Simso claims that he received oral notice approximately 24 hours before the hearing; he nevertheless was able to appear. He had had disagreements with DMV personnel regarding the investigation of the complaint and the actions taken. A formal hearing was never held, however; instead, DMV personnel entered into a consent order with Ralph Lostocco, the sole proprietor and licensee of Ralph's Auto Sales. According to the consent order, Ralph's was to arrange to do the work to put the engine into compliance with emission control standards, and Simso was to cooperate in the effort. Simso claims that he never agreed to the consent order. Thomas Ruby, an attorney with the DMV who negotiated the consent order, claims that Simso agreed, but then called the next day to say that he had changed his mind. In any event, no one appealed from the issuance of the consent order.[2]
Neither was the consent order complied with. Simso claims that he never agreed in the first place; the position of the DMV as to compliance is not entirely clear, except it does take the position in the instant motion that Simso "refused to present the truck for repairs". (Affidavit of Ruby,6¶ 7.) CT Page 13003
After several years of attempting to gain relief[3] through a variety of channels, Simso brought the instant action for mandamus. Although the relief requested in the original pro se complaint is somewhat vague, the relief requested by counsel for Simso is an order vacating the consent order entered on November 6, 1991, and requiring the DMV to hold another hearing.[4] Both sides have moved for summary judgment and have submitted voluminous materials in support of their positions.
The rubric concerning the standards governing motions for summary judgment need not be repeated at length. See, generally, §§ 17-49 et seq. of the Practice Book. It is the burden of the moving party to show, by pleadings and documentary materials, that there is no genuine issue of material fact and that judgment should enter in its favor; the evidence is to be viewed in the light most favorable to the nonmoving party. Miller v. UnitedTechnologies Corp., 233 Conn. 732, 744-45 (1995). If the moving party meets its burden, the nonmoving party then has the burden to show, through affidavits or other documentary evidence, that there is a genuine issue of material fact. If the nonmovant produces evidence sufficient to show that a genuine issue exists, then summary judgment will not issue, but more than a mere assertion that a genuine issue exists is required. Bartha v.Waterbury House Wrecking Co., 190 Conn. 8, 11-13 (1983). Even if no evidence in opposition to the motion is produced, the motion will fail if the movant's materials fail to show both that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Walker v. Lombardo,2 Conn. App. 266, 269 (1984).
The writ of mandamus is an extraordinary remedy, which lies to enforce a "plain positive duty, upon the relation of one who has a clear legal right to have it performed, and where there is no other adequate legal remedy." State ex re. Golombeske v.White, 168 Conn. 278, 282 (1975). Mandamus may be used to enforce only ministerial, as opposed to discretionary, duties; that is, mandamus may compel an official to exercise discretion, but may not compel any particular result. Id., 283-84. The issuance of the writ of mandamus itself involves the exercise of a sound discretion. AB Auto Salvage, Inc. v. Zoning Board of Appeals,189 Conn. 573, 576 (1983).
The defendants[5] claim that summary judgment should be granted for a number of reasons. The relief sought in the writ of mandamus cannot be granted as a matter of law, it is claimed; CT Page 13004 other grounds include the inability of the court to toll a statute of limitations for permission to bring a cause of action; the existence of a civil remedy which would preclude the remedy of mandamus; and the lack of subject matter jurisdiction where administrative remedies have not been exhausted. The plaintiff, in turn, claims that there is no genuine issue of fact as to the issues of whether the consent order was issued in violation of statutory mandates and that the requirements of notice and consent were lacking.
The plaintiffs amendment to the complaint dated July 22, 1999, clarifies the issues somewhat. The amendment states that the plaintiff seeks, by way of relief, orders vacating the prior consent order and ordering a new hearing. In his brief submitted in support of his position as to the motions for summary judgment, the plaintiff appears to stress that this is the only relief sought.
First, I consider the DMV's motion for summary judgment. Most of its arguments are well taken. As briefly noted above, mandamus will issue only where (1) the law imposes a mandatory duty on the party against whom the writ is sought; (2) the party seeking the writ has a clear legal right to have the duty performed; and (3) there is no other adequate remedy. A B Auto Salvage, Inc., v.Zoning Board of Appeals, supra, 577. In a nutshell, the DMV claims that, although there may be a right to a hearing in some circumstances, a hearing was noticed, and the issue was resolved by a consent order. The petitioner did not seek formally to intervene, and the petitioner did not appeal from the consent order. The DMV further claims that the private civil action previously undertaken and concluded against Lostocco is an adequate remedy at law, and that any action possibly taken at this point by the DMV would be pointless, as the licensee has died.[6]
Although the issue is a close one, I believe that there remain genuine issues of fact such that the case is not appropriately resolved by summary judgment. It is true, in general, that a valid administrative action is not appropriately attacked by an independent mandamus action: if a right to appeal from the administrative action exists, then an independent action should not be brought. Greater Bridgeport Transit District v.Local Union 1336, 211 Conn. 436 (1989); Greater BridgeportTransit District v. CHRO, 211 Conn. 129 (1989). There are circumstances, however, in which an administrative order may be CT Page 13005 attacked by an independent action. If proper notice is lacking, for example, there may be a jurisdictional defect which renders subsequent action void, and the failure to appeal from a void action does not necessarily foreclose relief by way of mandamus.Lewis v. Planning Zoning Commission, 49 Conn. App. 684, 690-91
(1998). A notice may be void if an agency clearly exceeds statutory authority. Bryant Chapman Co. v. Lowell,129 Conn. 321 (1942); Unified School District #1 v. Department ofEducation, 45 Conn. Sup. 57 (1996).[7] There are issues of fact presented, inter alia, as to notice of the November 6, 1991, proceeding, as to whether Simso consented to the order and what the statutory and administrative duties were.[8] I have considered the other arguments raised by the DMV[9] and, although the issue is a close one, I do not find that there is no dispute as to every genuine issue of material fact.
The plaintiffs motion for summary judgment is, similarly, denied. The same issues of fact present themselves in the context of the plaintiffs motion, and issues of fact abound.
Beach, J.