[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 15986
The plaintiffs, S P Oyster Company, Inc. and Robert H. Valenti (S P), brought this action for a declaratory judgment against the Town of Stonington and the Planning Zoning Commission of the Town of Stonington (Town) to determine whether or not a patio proposed by S P is consistent with or in violation of an easement between the plaintiffs and the Town.
The intervening defendant, C. George Kanabis (Kanabis), has moved to dismiss the case claiming such an action requires notice to all persons having an interest in the subject matter of the complaint, as required by Connecticut Practice Book § 17-55
(4) in that no notice was given to the citizens and taxpayers of the Town all of whom have an interest in the easement.
The defendant Kanabis also brought a cross complaint against the Town for a mandamus to enforce the provisions of the easement requiring a "perpetual and unobstructive view of the waterway. . . ."
The court will address the questions of the mandamus first. A mandamus may issue only if the party seeking it meets a three-prong test. Three conditions must exist: (1) the law imposes a duty, the performance of which is ministerial and not discretionary, on the party against whom the writ is sought; (2) the party applying for the writ has a clear legal right to have the duty performed; and (3) there is no other adequate remedy. A B Auto Salvage, Inc. v. ZBA of East Hartford, 189 Conn. 573,576-577.
The court finds that the first prong has not been met. The duty must be ministerial, not discretionary. Here, the duty claimed is that the Town trim trees and bushes in the area of the easement so as to provide a clear and unobstructed view of the waterway. How and to what extent the trees should be trimmed is a discretionary act. Under the second prong, Kanabis does not have a clear legal right to compel the acts requested. In view of the CT Page 15987 foregoing the third prong is immaterial. Accordingly, the mandamus action must be dismissed.
Regarding the motion to dismiss, the present action for failure to notify or join all entrusted parties, Kanabis alleges all taxpayers or electors of the Town should have received notice as required by Practice Book § 17-55(4), which states, "Until all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof. . . ." In this case, the subject matter is the interpretation of an easement which, in essence, states that the public shall have access to the area in order to enjoy the view of the waterway. The easement grants no independent enforcement rights to taxpayers or electors of the Town. The easement also states that "the general public shall have access to said property for purposes of enjoying the view of said waterway." Since the general public includes not only residents of the Town but many thousands of people who come from outside the Town and even outside the state, it would be totally impracticable to order that all such persons be given notice of this action. Even publication in a local newspaper would not reach out of town residents who might visit the area as transients. The court, therefore, denies the motion to dismiss for lack of notice.
The plaintiff requests the court to determine whether or not its proposed patio is consistent with or violates the easement. The relevant parts of the easement reads as follows:
On March 16, 1982, the plaintiff landlords executed a visual easement in favor of the Town of Stonington in accordance with the requirements of the special permit. The "whereas clauses" of the dedication make clear its purpose to provide a view of the Mystic River.
 ". . . . WHEREAS, said property has scenic and aesthetic value, in that the same provides an unobstructed view of the Mystic River, a navigable waterway which is adjacent to and westerly of the subject premises; and
 WHEREAS, the grantors are willing to grant an easement to preserve a perpetual and unobstructed view of said waterway from said premises, and from the adjacent highways and the grantee is willing to accept such easement; and
 WHEREAS, the grantors desire that said property, described in CT Page 15988 "Schedule A" be accessible and subject to use by members of the general public, for purposes of enjoying an unobstructed view of said waterway. . . ." (Ibid.)
Schedule A, which defines the area subject to the easement, describes the space between the restaurant building and East Main Street.
The actual granting language of the easement states:
 ". . . the Grantors hereby grant and convey unto the grantee, its successors and assigns forever and in perpetuity a visual easement of the nature and character and to the extent hereinafter set forth.
The deed then imposes certain "terms, conditions and restrictions" to enforce the visual easement as follows:
 "1. No building, fence or other structure shall be erected on the property.
 2. Said property shall be maintained and preserved as a grass and lawn area, with trees and shrubbery.
 3. There shall be no removal, destruction or cutting of trees and shrubs, except as may be necessary for the maintenance and preservation of the view of the Mystic River, the prevention or treatment of arbor diseases, or other good husbandry practices.
 4. No advertising of any kind or nature shall be located on the within property.
 5. The general public shall have access to said property for purposes of enjoying the view of said waterway."
The court finds that various trees, some as high as 15 feet in height, eliminates some of the views as shown by photographs and other exhibits and testimony. The court also finds that the proposed patio at or below grade will not be a violation of the easement agreement. As shown in the exhibits, no fences or umbrellas would block the view of the waterway except for the heads of patrons seated at tables. The court agrees with the plaintiffs that "payers," (bricks) placed over stone dust, are not structures, but landscaping. Mr. Mercer, the plaintiffs' CT Page 15989 architect, testified that if the larger trees were removed and a patio installed in accordance with the plan submitted as exhibits, the view would improve. By cutting down the larger trees and limiting the height of trees and bushes, the area would be brought into conformance with the terms of the easement . . . "to provide an unobstructed view of the Mystic River. . . ."
The court finds that the proposed patio is consistent with the language of the easement which is to provide an unobstructed view of the river presently blocked by trees and bushes. The court interprets the easement as a visual easement, not a dedication of open space. The court finds that the patio would not adversely affect the view since it will be at or below grade. The court notes that S P has the right to use the property for "all purposes not inconsistent with this visual easement."
The court therefore determines that S P may install a ground-level patio as requested. The court also finds that the present state of the trees and bushes does violate the provisions of the easement in that there is not "a[n] . . . unobstructed view of the waterway. from the adjacent highways . . . as required by the easement.
The court hereby enters a declaratory judgment in favor of the plaintiffs and determines that the patio can be installed as requested in the easement area.
D. Michael Hurley Judge Trial Referee